EDWARD A. HAHN, APPELLEE, v. BEVERLY NETH,
DIRECTOR, STATE OF NEBRASKA, DEPARTMENT
OF MOTOR VEHICLES, APPELLANT.
699 N.W.2d 32

Filed July 15, 2005.   No. S-04-560.

Jon Bruning, Attorney General, and Milissa Johnson-Wiles for appellant.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

In this appeal brought pursuant to the Administrative Procedure Act, the director of the Nebraska Department of Motor Vehicles appeals from a decision of the district court for Cheyenne County holding that the director lacked the authority to revoke the driver's license of Edward A. Hahn because of deficiencies in the arresting officer's sworn report. We affirm.

FACTS

On August 5, 2003, at approximately 11:30 p.m., Sgt. Dale Miller of the Sidney Police Department observed a speeding vehicle driven by Hahn and initiated a traffic stop. Upon approaching the vehicle, Miller detected the odor of alcohol. Hahn admitted he had been drinking and showed impairment on field sobriety tests. After Hahn failed a preliminary breath test, Miller placed him under arrest and informed him that he would be transported to the police station for a chemical breath test.

Hahn failed the chemical test. Pursuant to Neb. Rev. Stat. § 60-6,205(3) (Cum. Supp. 2002), Miller verbally notified Hahn that his license would be automatically revoked 30 days after the date of the arrest unless a petition for hearing was filed within 10 days of the arrest. Also pursuant to § 60-6,205(3), Miller forwarded his sworn report to the director within 10 days of the arrest.

Hahn filed a timely petition for an administrative hearing to contest the revocation of his license. Miller testified at the hearing, and his sworn report was received as evidence. Thereafter, the director of the Department of Motor Vehicles revoked Hahn's license for 90 days. Hahn filed a timely appeal with the district court pursuant to the Administrative Procedure Act. In an order entered on April 7, 2004, the district court vacated the revocation, reasoning that the director lacked the authority to revoke Hahn's license because Miller's sworn report did not meet the requirements of § 60-6,205. We moved this case to our

docket pursuant to our authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENT OF ERROR

In the director's sole assignment of error, she assigns, restated, that the district court erred in finding that she lacked the authority to revoke Hahn's license.

## STANDARD OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Hauser v. Nebraska Police Stds. Adv. Council*, 269 Neb. 541, 694 N.W.2d 171 (2005); *Nebraska Liq. Distrib. v. Nebraska Liq. Cont. Comm.*, 269 Neb. 401, 693 N.W.2d 539 (2005). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable. *Hauser v. Nebraska Police Stds. Adv. Council, supra*; *Lein v. Nesbitt*, 269 Neb. 109, 690 N.W.2d 799 (2005).

## ANALYSIS

The issue in this appeal is whether the sworn report submitted by Miller was sufficient to confer authority upon the director to revoke Hahn's license. Resolution of this issue requires an examination of the relevant statutory and case law.

At the time of Hahn's arrest, the relevant statute provided that when an arrested individual submits to a chemical test of blood or breath that discloses an illegal presence of alcohol and the test results are available to the arresting officer while the arrested person is still in custody, the arresting officer

> shall within ten days forward to the director a sworn report stating (a) that the person was validly arrested pursuant to section 60-6,197 [driving under the influence] and the reasons for such arrest, (b) that the person was requested to submit to the required test, and (c) that the person submitted to a test, the type of test to which he or she submitted,

and that such test revealed the presence of alcohol in a concentration specified in section 60-6,196 [over .08].
§ 60-6,205(3). In *McPherrin v. Conrad*, 248 Neb. 561, 537 N.W.2d 498 (1995), we held that the department makes a prima facie case for license revocation once it establishes that the officer provided a sworn report containing the recitations required by the statute. See § 60-6,205(7). Upon such showing, the director is not required to prove the recitations are true. *Id.* Rather, it becomes the motorist's burden to prove that one or more of the recitations in the sworn report are false. *Id.*

Miller's sworn report was received at the administrative hearing. The report was properly notarized and sworn prior to its timely submission to the department. In his report, Miller checked the box stating that Hahn was validly arrested and gave supporting reasons. Although Miller checked a box noting that Hahn "submitted to a chemical test which indicated an alcohol concentration of **0.08** or more," he failed to check the box stating that Hahn "was requested to submit to the required test." Miller filled out a portion of the form noting that the test results were "0.148" and that the "Instrument Type" was "5000," but neglected to indicate whether the chemical test was of Hahn's blood or breath. On its face, therefore, the report does not fully comply with the requirements of § 60-6,205(3).

The director argues that Miller's report sufficiently complied with the requirements of the statute to give her the authority to revoke Hahn's license. Relying on *Morrissey v. Department of Motor Vehicles*, 264 Neb. 456, 647 N.W.2d 644 (2002), the director asserts that the information in the sworn report and the testimony offered by Miller at the administrative hearing established a prima facie case.

In *Morrissey*, the director sought to revoke a motorist's license based on the motorist's refusal to submit to a chemical test. After being arrested at the scene and transported to the police station for a chemical test, the motorist blew a small sample of breath into an Intoxilyzer 5000 machine. The test record card indicated that the motorist had an alcohol content of .203 grams of alcohol per 210 liters of breath. However, the test record card also indicated that the sample of breath obtained from the motorist was deficient. Although requested to do so, the motorist refused

to submit to any further chemical tests. The arresting officer completed a sworn report which met all of the statutory requirements and specifically stated that the motorist refused to submit to a chemical test.

The motorist petitioned for a hearing to contest the revocation of his license. At the hearing, testimony was received from the arresting officer. In addition, the sworn report, the test record card, and a chemical test checklist completed by the test administrator at the time of the test were received into evidence. The chemical test checklist recited that the digital reading on the Intoxilyzer showed "0.203" of a gram of alcohol per 210 liters of breath. This court also took judicial notice of the Nebraska Department of Health and Human Services Regulation and Licensure rules and regulations, 177 Neb. Admin. Code, ch. 1 (1998).

According to the applicable rules and regulations, see 177 Neb. Admin. Code, ch. 1, § 002.01A, no digital result should have been reported on the checklist when the test record card indicated an insufficient sample of breath had been given. *Morrissey v. Department of Motor Vehicles, supra. Morrissey* examined the effect of this error and concluded that the department's failure to follow its own promulgated rules and regulations was significant. In such a situation, we concluded that the rule announced in *McPherrin v. Conrad*, 248 Neb. 561, 537 N.W.2d 498 (1995), i.e., the rule that the recitations in the sworn report are presumptively true, is inapplicable. We explained that the *McPherrin* rule

frees the department of independently investigating the circumstances of each arrest. The department is also free from establishing the foundational elements necessary for the admission of a breath test in a driving under the influence prosecution. . . . Thus, *McPherrin* conveys a substantial procedural benefit upon the department in an administrative license revocation proceeding. However, given this benefit, the department is expected to strictly comply with the applicable rules and regulations. Where, as in this case, the department violates one of those rules, we believe that concerns are properly raised about whether other aspects of the chemical testing conformed to the rules and regulations. Therefore, we conclude that when the applicable rules and

regulations are not strictly complied with, the department cannot obtain the benefit of a presumption that all facts recited in the sworn report are true.

(Citation omitted.) *Morrissey v. Department of Motor Vehicles*, 264 Neb. 456, 461, 647 N.W.2d 644, 650 (2000). *Morrissey* further reasoned that although the statement in the sworn report reciting that the motorist failed to submit to the chemical test could not be presumed to be true, the director nevertheless offered sufficient evidence of the motorist's refusal, in the form of live testimony from the arresting officer, to support the license revocation.

The director contends that *Morrissey* controls the instant case. She argues that although the sworn report failed to comply with all the requirements of § 60-6,205(3), the failure only caused the department to lose the presumption that the recitations in the report were true. She contends that Miller's testimony at the administrative hearing is admissible under *Morrissey* to fill in the gaps created by the missing information in the sworn report.

In this respect, the director misinterprets *Morrissey*. In that case, the sworn report strictly complied with all of the *statutory* requirements and thus the director had the authority pursuant to statute to revoke the motorist's license. The question of the validity of the allegations in the sworn report arose due to other evidence offered by the motorist at the revocation hearing. Because this evidence cast doubt upon the report, we held that the department lost the presumption that the report was true, but that the department was free to supplement the report with additional evidence at trial.

In § 60-6,205(3), the Legislature specified the information which must be set forth in an arresting officer's sworn report in order for the director to administratively revoke an operator's license. The arresting officer's sworn report triggers the administrative revocation process by establishing a prima facie basis for revocation. See, § 60-6,205(6) and (7); *McPherrin v. Conrad*, 248 Neb. 561, 537 N.W.2d 498 (1995). Unless the arrested person petitions for a hearing and establishes by a preponderance of the evidence that grounds for revocation do not exist, the operator's license is automatically revoked upon the expiration of 30 days after the arrest. See, § 60-6,205(4),(6), and (7); *McPherrin v.*

*Conrad, supra.* Under similar statutory schemes, other courts have held that the existence of the sworn report is a jurisdictional requirement in an administrative revocation proceeding. In *Wilcox v. Billings*, 200 Kan. 654, 438 P.2d 108 (1968), the court held that where revocation was automatic upon receipt of a sworn report if the licensee did not request a hearing, the requirement that the report be "sworn" was essential to the legislative purpose of providing a reliable basis for administrative action and was therefore mandatory. The court concluded that an administrative revocation proceeding initiated by an unsworn report was void. See, also, *Wulfkuhle v. Kansas Dept. of Revenue*, 234 Kan. 241, 245, 671 P.2d 547, 551 (1983) (noting requirement that arresting officer's report be sworn is "jurisdictional"). The court in *Dawson v Secretary of State*, 44 Mich. App. 390, 205 N.W.2d 299 (1973), adopted the reasoning of *Wilcox* in holding that the failure of the arresting officer to swear to the report as required by statute invalidated the subsequent administrative revocation proceeding. Citing *Wilcox* and *Dawson*, the court in *Metcalf v. Dept of Motor Vehicles*, 11 Wash. App. 819, 525 P.2d 819 (1974), concluded that the statutory requirement of a "sworn" report was jurisdictional. Following the same reasoning, the Missouri Court of Appeals in *Allen v. Director of Revenue*, 59 S.W.3d 636, 637 (Mo. App. 2001), held:

> The director's receiving this sworn report is what activates the director's authority to revoke a driving license. He has no power to act before then. By requiring a sworn report, the General Assembly affords some measure of reliability and protection to a licensee, and the director's ignoring this mandate thwarts this protection. The sworn report, therefore, is essential to the validity of the director's subsequent actions. If the director does not receive a sworn report, his subsequent actions are void.

If a complete but unsworn report defeats jurisdiction in an administrative license revocation proceeding, is the same true of a sworn but incomplete report? Even in jurisdictions where a sworn statement is held to be a jurisdictional prerequisite to an agency's power to revoke an operator's license, technical deficiencies in the sworn report do not defeat administrative jurisdiction. For example, in *Veranth v. Department of Licensing*, 91

Wash. App. 339, 959 P.2d 128 (1998), the officer's use of abbreviations to designate locations was held not to be a jurisdictional defect where the sworn report did not vary or omit information required by the implied consent law. In *Broom v. Dept of Licensing*, 72 Wash. App. 498, 865 P.2d 28 (1994), the officer's use of summary language did not defeat jurisdiction where the language accurately conveyed the information required by the applicable statute. However, the court qualified its holding, stating that "we do not suggest that a report containing a significant variation from or an omission of the information required under [the statute] would be adequate to confer jurisdiction." 72 Wash. App. at 504, 865 P.2d at 31. See, also, *Cessor v. Director of Revenue*, 71 S.W.3d 217 (Mo. App. 2002) (holding incorrect notary signature date on sworn report did not defeat jurisdiction).

The obvious difficulty is in defining the point at which an omission on a sworn report becomes a jurisdictional defect, as opposed to a technical one. We conclude that the test should be whether, notwithstanding the omission, the sworn report conveys the information required by the applicable statute. As a general rule, administrative agencies have no general judicial powers, even though they may perform some quasi-judicial duties. See, *Slansky v. Nebraska State Patrol*, 268 Neb. 360, 685 N.W.2d 335 (2004); *Ventura v. State*, 246 Neb. 116, 517 N.W.2d 368 (1994). An administrative body has no power or authority other than that specifically conferred by statute or by construction necessary to accomplish the plain purpose of the act. *Id.* Thus, the authority of the director of the Department of Motor Vehicles to administratively revoke an operator's license is only that which is specifically conferred by the administrative license revocation statutes. Given the substantial role which the sworn report plays in an administrative license revocation proceeding, we conclude that the report must, at a minimum, contain the information specified in the applicable statute, in this case § 60-6,205(3), in order to confer jurisdiction. The statutory requirements are not onerous; an arresting officer need only complete a form designed to convey the required information and swear to the information thus conveyed. In this case, Miller did not complete those portions of the sworn report form which would indicate that Hahn "was requested" to submit to the required test or "the type of test" to

which he submitted. Because of the omission of this information which is required by § 60-6,205(3), we agree with the district court that the director did not acquire jurisdiction or authority to administratively revoke Hahn's operator's license. To the extent language in *Morrissey v. Department of Motor Vehicles*, 264 Neb. 456, 647 N.W.2d 644 (2002), and *McPherrin v. Conrad*, 248 Neb. 561, 537 N.W.2d 498 (1995), suggests that a sworn report which does not include information required by statute may be supplemented by evidence offered at a subsequent hearing, it is disapproved.

## CONCLUSION

For the reasons stated, we affirm the judgment of the district court.

AFFIRMED.