W. Ben Snyder, appellee, v. Department of Motor
Vehicles, an administrative agency of the
State of Nebraska, appellant.
736 N.W.2d 731

Filed August 17, 2007.   No. S-06-352.

Jon Bruning, Attorney General, and Edward G. Vierk for
appellant.

S. Gregory Nelson for appellee.

Heavican, C.J., Wright, Connolly, Gerrard, Stephan,
McCormack, and Miller-Lerman, JJ.

Stephan, J.
The sole issue in this case is whether a sworn report list-
ing the reasons for an arrest as "Speeding (20 OVER)/D.U.I."
is sufficient to confer jurisdiction on the Department of Motor
Vehicles (DMV) in an administrative license revocation (ALR)
proceeding. We agree with the district court for Douglas County
that it is not and, therefore, affirm the judgment of that court
which reversed the administrative revocation.

## FACTS
On October 6, 2005, at 1:47 a.m., an Omaha police officer
stopped a motor vehicle driven by W. Ben Snyder after observ-
ing the vehicle speeding. The officer ultimately arrested Snyder
for suspicion of driving under the influence. After transporting

him to police headquarters, the officer read Snyder a postarrest chemical test advisement. Snyder then submitted to a chemical test of his breath via an Intoxilyzer 5000 machine. The chemical test showed a blood alcohol concentration over the legal limit.

On October 12, 2005, the director of the DMV received a sworn report completed by the arresting officer. The sworn report stated, among other things, that Snyder was arrested pursuant to Neb. Rev. Stat. § 60-6,197 (Reissue 2004) and listed the reasons for his arrest as "Speeding (20 OVER)/D.U.I." The director also received a petition for an administrative hearing from Snyder, and a hearing on whether Snyder's license should be revoked was held on November 1. Snyder's counsel objected to the director's jurisdiction, arguing that the sworn report did not properly reflect the reasons for the arrest. The hearing officer took the objection under advisement. The arresting officer testified at the hearing. The hearing officer subsequently found that the information in the sworn report was sufficient to confer jurisdiction on the DMV and recommended that Snyder's license be revoked for the statutory period of 90 days. The director adopted this recommendation on November 8.

Snyder timely appealed to the district court, which reversed the director's decision and dismissed the revocation of Snyder's license. The district court reasoned that speeding and "D.U.I." were not sufficient reasons for the arrest and that thus, the sworn report did not confer jurisdiction upon the DMV to revoke Snyder's license. The DMV filed this timely appeal. We moved the case to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[1]

## ASSIGNMENT OF ERROR

The DMV assigns, restated, that the district court erred in determining that the reasons for arrest listed in the sworn report were not sufficient to give the DMV jurisdiction to revoke Snyder's license.

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## STANDARD OF REVIEW

■ A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[2]

## ANALYSIS

Resolution of the issue presented in this appeal requires an examination of the relevant Nebraska statutes and our decision in *Hahn v. Neth*.[3] Nebraska law makes it unlawful

for any person to operate or be in the actual physical control of any motor vehicle:

(a) While under the influence of alcoholic liquor or of any drug;

(b) When such person has a concentration of eight-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood; or

(c) When such person has a concentration of eight-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath.[4]

Any person who operates a motor vehicle in Nebraska is deemed to have given consent to submit to chemical tests for the purpose of determining the concentration of alcohol in the blood, breath, or urine.[5] A police officer may require any person arrested for committing an offense while driving under the influence of alcohol to submit to a chemical test "when the officer has reasonable grounds to believe that such person was driving or was in the actual physical control of a motor vehicle . . . while under the

---

[2] *Chase 3000, Inc. v. Nebraska Pub. Serv. Comm.*, 273 Neb. 133, 728 N.W.2d 560 (2007); *Wilson v. Nebraska Dept. of Health & Human Servs.*, 272 Neb. 131, 718 N.W.2d 544 (2006).

[3] *Hahn v. Neth*, 270 Neb. 164, 699 N.W.2d 32 (2005).

[4] Neb. Rev. Stat. § 60-6,196(1) (Reissue 2004).

[5] § 60-6,197(1).

influence of alcoholic liquor."[6] Any person arrested for suspicion of driving under the influence of alcohol may be directed by an officer to submit to a chemical test to determine the concentration of alcohol in that person's body.[7] If the chemical test shows a concentration above the legal limit, the driver is subject to the ALR procedures found in Neb. Rev. Stat. §§ 60-498.01 to 60-498.04 (Reissue 2004).[8]

Section 60-498.01(3) provides that when a person arrested under circumstances described in § 60-6,197(2) submits to a chemical test of blood or breath that discloses an illegal presence of alcohol and the test results are available to the arresting officer while the arrested person is still in custody, the arresting officer

> shall within ten days forward to the director a sworn report stating (a) that the person was arrested as described in subsection (2) of section 60-6,197 and the reasons for such arrest, (b) that the person was requested to submit to the required test, and (c) that the person submitted to a test, the type of test to which he or she submitted, and that such test revealed the presence of alcohol in a concentration specified in section 60-6,196 [over .08].[9]

If a motorist arrested under these circumstances requests a hearing, the issues under dispute are limited to the following:

> (A) Did the peace officer have probable cause to believe the person was operating or in the actual physical control of a motor vehicle in violation of section 60-6,196 . . . and
>
> (B) Was the person operating or in the actual physical control of a motor vehicle while having an alcohol concentration in violation of subsection (1) of section 60-6,196.[10]

Resolution of the first issue depends on the officer's reasons for arresting a motorist, while resolution of the second depends

---

[6] § 60-6,197(2).

[7] § 60-6,197(3).

[8] *Id.*

[9] § 60-498.01(3).

[10] § 60-498.01(6)(c)(ii).

upon the results of the tests conducted after the arrest. Both issues require a showing of facts.

■ The arresting officer's sworn report triggers the ALR process by establishing a prima facie basis for revocation.[11] When such a prima facie case showing is made, unless the arrested person petitions for a hearing and establishes by a preponderance of the evidence that grounds for revocation do not exist, the operator's license is automatically revoked upon the expiration of 30 days after the arrest.[12] Because of the substantial evidentiary role of the sworn report in an ALR proceeding, it "must, at a minimum," contain the information specified in § 60-498.01(3) in order to confer jurisdiction upon the director of the DMV to administratively revoke a license.[13] In this case, we focus on the reasons for the arrest, which reasons must be stated in the sworn report pursuant to § 60-498.01(3)(a).

The sworn report includes 2½ blank lines on which the officer is to state the reasons for the arrest. Here, the arresting officer's notation that Snyder was speeding explains the initial traffic stop but does not, standing alone, constitute a reason for the arrest. Although the record reflects that the officer made certain observations and conducted field sobriety tests and a preliminary breath test before the arrest, the observations and test results are not stated in the sworn report. Instead, the officer wrote only "D.U.I.," the common abbreviation for driving under the influence. While this tells us what the officer suspected when he made the arrest, it provides no factual reasons upon which his suspicion was based. As the district court correctly noted, it is a conclusion, not a reason.

Completion of the 1-page sworn report form is not an onerous task.[14] Recently in *Betterman v. Department of Motor Vehicles*,[15] we held that a notation on the sworn report that the

---

[11] *Hahn v. Neth, supra* note 3.

[12] *Id.* See § 60-498.01(3).

[13] *Hahn v. Neth, supra* note 3, 270 Neb. at 171, 699 N.W.2d at 38.

[14] See *Hahn v. Neth, supra* note 3.

[15] *Betterman v. Department of Motor Vehicles*, 273 Neb. 178, 182, 728 N.W.2d 570, 578 (2007).

motorist "'displayed signs of alcohol intoxication'" constituted a reason for the arrest sufficient to confer jurisdiction on the DMV. While that provided a very general factual statement of the reasons for the arrest, it was sufficient to meet the requirement of § 60-498.01(3). In contrast, the conclusory notation "D.U.I." provides no factual reason for the officer's decision to arrest Snyder on suspicion of driving under the influence of alcohol instead of merely citing him for speeding. Because of this jurisdictional deficiency, the DMV could not consider the officer's testimony at the hearing regarding his reasons for arresting Snyder.[16]

## CONCLUSION

The sworn report failed to state a reason for the officer's suspicion that Snyder was operating a motor vehicle while under the influence of alcohol, which resulted in his arrest. Because the sworn report did not include the information required by § 60-498.01(3)(a), it did not confer jurisdiction on the DMV to revoke Snyder's license. We affirm the order of the district court reversing the revocation order and directing the DMV to reinstate Snyder's driving privileges.

AFFIRMED.

---

[16] See *Hahn v. Neth, supra* note 3.

HEAVICAN, C.J., dissenting.

I respectfully dissent. In the majority's view, the failing of the sworn report in this case is that the officer completing the report simply stated a conclusion rather than stating his reasons for arresting W. Ben Snyder. The majority concludes that under *Hahn v. Neth*,[1] such a defect requires a finding that the sworn report did not confer jurisdiction on the Department of Motor Vehicles (DMV) to revoke Snyder's license.

While some defects in a sworn report might be jurisdictional, the technical defects of the sworn report in this case should not operate to divest the DMV of jurisdiction. The better rule and better reading of the statutory scheme is that the information

---

[1] *Hahn v. Neth*, 270 Neb. 164, 699 N.W.2d 32 (2005).

missing from the sworn report, at least as to the "reasons for such arrest"[2] at issue in this case, may be established by other means, including the testimony of the arresting officer. Indeed, such was permissible prior to this court's decision in *Hahn.* In *Morrissey v. Department of Motor Vehicles,*[3] this court held that "[i]f the sworn report is not proper, the department may, nevertheless, establish its case by other means, such as by the testimony of a witness . . . ."

There is no dispute that the information in the sworn report in this case was accurate and provided the DMV with a factual basis with which to commence revocation proceedings. Indeed, the sworn report, in compliance with § 60-498.01(3), stated that Snyder was arrested for driving while under the influence, listed reasons for Snyder's arrest, and further indicated that upon request, Snyder submitted to a chemical test which ultimately showed a blood alcohol concentration over the legal limit.

To the extent that the "reasons" provided in the sworn report might have initially been insufficient, there is no dispute that by the conclusion of the hearing, evidence had been adduced to substantiate all necessary factual findings. In particular, the officer who arrested Snyder testified to certain observations he made during the course of the traffic stop. The officer also testified that prior to Snyder's arrest, he conducted, and Snyder failed, field sobriety tests and a preliminary breath test.

The statutory scheme which provides for the revocation of an operator's license when an individual has been driving a vehicle while under the influence of alcohol is contained in § 60-498.01. The intent behind the revocation process is clear:

> Because persons who drive while under the influence of alcohol present a hazard to the health and safety of all persons using the highways, a procedure is needed for the swift and certain revocation of the operator's license of any

---

[2] Neb. Rev. Stat. § 60-498.01(3)(a) (Reissue 2004).

[3] See *Morrissey v. Department of Motor Vehicles,* 264 Neb. 456, 459, 647 N.W.2d 644, 649 (2002), *disapproved, Hahn v. Neth, supra* note 1.

person who has shown himself or herself to be a health and safety hazard . . . .[4]

Given that the Legislature has seen fit to find that "swift and certain revocation" of an operator's license is necessary when an individual drives while under the influence, I respectfully dissent from the majority's conclusion that the technical defects in this sworn report divest the DMV of jurisdiction to revoke Snyder's license. I would instead reverse the judgment of the Douglas County District Court and affirm the revocation order entered by the DMV.

---

[4] § 60-498.01(1).