752 N.W.2d 149 (2008)
276 Neb. 95
Elizabeth A. NOTHNAGEL, Appellee,
v.
Beverly NETH, Director, State of Nebraska, Department of Motor Vehicles, and Department of Motor Vehicles, Appellants.
No. S-07-551.
Supreme Court of Nebraska.
July 11, 2008.
*151 Jon Bruning, Attorney General, and Andee G. Penn, for appellants.
G. Peter Burger, of Burger & Bennett, PC, Mccook, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
The director of the Department of Motor Vehicles (Director) appeals from a decision of the Red Willow County District Court. The court reversed the decision of the Director to revoke the driver's license of Elizabeth A. Nothnagel for 1 year pursuant to Neb.Rev.Stat. § 60-498.02 (Reissue 2004).

SCOPE OF REVIEW
A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Snyder v. Department of Motor Vehicles, 274 Neb. 168, 736 N.W.2d 731 (2007).
Whether a decision conforms to law is by definition a question of law, in connection *152 with which an appellate court reaches a conclusion independent of that reached by the lower court. Robbins v. Neth, 273 Neb. 115, 728 N.W.2d 109 (2007).

FACTS
Nothnagel was stopped by Trooper Theodore Gans, an officer of the Nebraska State Patrol, in Red Willow County after Gans received several reports of a car being driven erratically. Gans observed the vehicle as it struck a curb. When the vehicle was stopped, the right from tire was off the rim and the right rear tire was flat.
Upon making contact with Nothnagel, Gans noted an odor of alcoholic beverage coming from the vehicle and from Nothnagel's breath. In addition, her speech was slurred and her eyes were red and bloodshot. Gans asked Nothnagel to exit her vehicle to perform a field sobriety test. When Gans asked Nothnagel to follow him to the rear of her vehicle, she fell to the pavement, striking her face.
Gans then asked Nothnagel to submit to a preliminary breath test, but she verbally refused. Gans placed Nothnagel under arrest and transported her to a local hospital for examination as to her well-being and to perform a chemical test. At the hospital, Nothnagel refused to submit to a chemical test.
Gans read a verbal notice of revocation to Nothnagel, completed a "Notice/Sworn Report/Temporary License," and signed it in the presence of a notary. At a hearing held pursuant to the administrative license revocation (ALR) procedures, the sworn report was received into evidence over Nothnagel's objection. She moved to dismiss the proceeding on the ground that there was no evidence that she was requested by an officer to submit to a chemical test. She argued that the officer merely testified that he transported her to the hospital for the purpose of giving a test. She also argued there was no competent evidence that she was advised of the consequences of refusing a chemical test.
The hearing officer noted that admission of the arresting officer's sworn report is prima facie evidence for the Director's order of revocation. The hearing officer concluded that Nothnagel had not met her burden of proof to show there was (1) no evidence that the arresting officer requested a formal chemical test and (2) no evidence that the officer advised her of the consequences of refusing to submit to the test. The hearing officer stated that absent proof to the contrary, the statements in the sworn report were considered definitive.
The hearing officer recommended the Director find that the arresting officer had probable cause to believe Nothnagel was operating a motor vehicle while under the influence and while having a blood alcohol content in violation of Neb.Rev.Stat. § 60-6,196 (Reissue 2004). The hearing officer proposed that Nothnagel's license be revoked for the statutory period. The Director adopted the hearing officer's recommendations and ordered revocation of Nothnagel's driver's license for 1 year.
Upon a petition for review filed by Nothnagel, the Red Willow County District Court entered an order finding that the evidence did not support the hearing officer's determination that Nothnagel "refused to allow the blood draw" and that there was no evidence to establish that Nothnagel refused to submit to a chemical test of her blood, breath, or urine upon the direction of a peace officer. The court noted that at the ALR hearing, the arresting officer testified that he transported Nothnagel to the hospital for examination and to perform a chemical test. When asked if Nothnagel had submitted to a *153 chemical test, the officer responded, "No, she did not."
The district court also found the record devoid of evidence that any chemical test was performed. The court implied the hearing officer was incorrect in determining that Nothnagel had a blood alcohol content in violation of the statute, when no chemical test was performed. Before the court, the Director acknowledged that the hearing officer "misstated her order." The court noted that the Director assigned the misstatement to a "`cut-and-paste error'" and asked the court to find that the hearing officer's findings and recommendations were a "`scrivener['s] error.'" The court concluded that the order of revocation was based upon findings and conclusions not supported by the evidence or the law and that the revocation order should be reversed. It dismissed the revocation proceedings.
The Director reinstated Nothnagel's operating privileges and filed a notice of appeal.

ASSIGNMENTS OF ERROR
On appeal, the Director assigns two errors: The district court erred (1) in finding that the record of the ALR hearing contained no evidence that Nothnagel refused to submit to a chemical test as requested and (2) in failing to make independent findings of fact following a de novo review of the record of the ALR hearing and to determine whether revocation of Nothnagel's driver's license pursuant to Neb.Rev. Stat. § 60-498.01(2) (Reissue 2004) was supported by the court's independent findings.

ANALYSIS
The Director first argues that the district court erred in failing to find evidence that Nothnagel refused to submit to a chemical test when requested to do so by the arresting officer. The issue, therefore, is whether there was sufficient evidence that Nothnagel refused to submit to a chemical test.
The arresting officer's sworn report triggers the ALR process by establishing a prima facie basis for revocation. Snyder v. Department of Motor Vehicles, 274 Neb. 168, 736 N.W.2d 731 (2007). In an ALR proceeding, the sworn report of the arresting officer must indicate (1) that the person was arrested as described in Neb.Rev.Stat. § 60-6,197(2) (Reissue 2004) and the reasons for the arrest, (2) that the person was requested to submit to the required test, and (3) that the person refused to submit to the required test. § 60-498.01(2). See, also, Betterman v. Department of Motor Vehicles, 273 Neb. 178, 728 N.W.2d 570 (2007).
The sworn report here indicates that Nothnagel was arrested pursuant to § 60-6,197 after a report of reckless driving. The officer found the vehicle "driving on rims" and observed it strike a curb. Nothnagel could not perform field sobriety tests and "fell on her face." The officer detected alcohol on Nothnagel's breath and found an open container. The officer also noted that Nothnagel refused a preliminary breath test. He checked the box on the sworn report indicating that Nothnagel refused to submit to a chemical test, and she was read the verbal notice of revocation.
The sworn report was received into evidence at the ALR hearing. It satisfies the requirements of § 60-498.01 and provides a prima facie basis for revocation. The district court erred when it concluded there was no evidence that Nothnagel refused to submit to a chemical test. The sworn report is prima facie evidence that Nothnagel refused to submit to a chemical test.
*154 The Director claims that the district court also erred in failing to make independent findings of fact following a de novo review of the record of the ALR hearing and failing to determine whether revocation of Nothnagel's driver's license pursuant to § 60-498.01(2) was supported by the court's independent findings.
For some reason, the hearing officer's recommendations did not address the issue whether Nothnagel refused to submit to a chemical test. The Director adopted the erroneous finding by the hearing officer that Nothnagel was operating a vehicle while having an alcohol concentration in violation of § 60-6,196(1). The record supports a finding that Nothnagel refused a chemical test, but obviously, it does not support a finding that Nothnagel was driving while over the legal limit, in violation of § 60-6,196(1). In the district court, the Director claimed the error by the hearing officer was a result of cutting and pasting the document.
When a petition for review of an administrative decision is presented to the district court, review shall be conducted by the court without a jury de novo on the record of the agency. See Neb.Rev.Stat. § 84-917(5)(a) (Cum.Supp.2006). See, also, Betterman v. Department of Motor Vehicles, supra. "In a review for sufficiency of the evidence, an appellate court does not make its own factual findings, but in a true `de novo' review, the court uses assignments of error as a guide to the factual issues in dispute, but makes independent factual determinations based on the record." Nebraska Liq. Distrib. v. Nebraska Liq. Cont. Comm., 269 Neb. 401, 408, 693 N.W.2d 539, 546 (2005).
The district court reviewed the bill of exceptions from the administrative hearing and the transcript of the ALR proceedings. It concluded the evidence did not support a finding that Nothnagel refused to submit to a test. The court recognized the Director's claim that the hearing officer misstated the recommendation and that the error was caused by cutting and pasting. It found that the order of revocation was based on findings and conclusions not supported by evidence, and it reversed the order of revocation.
In appellate review of the district court's order, we do not focus on the findings of the hearing officer. Instead, we review the order of the district court for errors appearing on the record. We consider whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. See Snyder v. Department of Motor Vehicles, 274 Neb. 168, 736 N.W.2d 731 (2007). Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. Robbins v. Neth, 273 Neb. 115, 728 N.W.2d 109 (2007).
We infer from the district court's order that it refused to accept the Director's assertion that the hearing officer's recommendation was a typographical error made by cutting and pasting from other documents. In conducting its de novo review, the district court should have made independent findings of fact without relying on the recommendations of the hearing officer. The court's review of the evidence should have included the sworn report, which was received into evidence and which satisfied the requirements of § 60-498.01.
On a question of law, we must reach a conclusion independent of the lower court's decision. The sworn report of the officer established a prima facie case for license revocation because it contained the statutorily required recitations. See *155 Betterman v. Department of Motor Vehicles, 273 Neb. 178, 728 N.W.2d 570 (2007). The sworn report indicated that Nothnagel was arrested and the reasons for the arrest. It indicated that Nothnagel refused to submit to a chemical test. The report was signed and sworn in front of a notary.
Upon the showing of a prima facie case for license revocation, the Director is not required to prove the recitations in the sworn report are true. Hahn v. Neth, 270 Neb. 164, 699 N.W.2d 32 (2005). Instead, the burden is passed to the motorist to prove that one or more of the recitations in the sworn report are false. Id. Nothnagel did not present evidence to rebut the sworn report, nor did she prove that the recitations in the sworn report were false. Thus, the only conclusion that can be reached after a de novo review of the record before the agency is that Nothnagel refused to submit to a chemical test and that her license should be revoked pursuant to § 60-498.01. It was error for the district court to find that the evidence did not support the order of revocation. The court's dismissal of the revocation proceeding must be reversed.

CONCLUSION
The judgment of the district court dismissing the revocation proceeding is reversed, and the cause is remanded to the district court with directions to reinstate the decision of the Director to revoke Nothnagel's driver's license for the period of time remaining on the revocation.
REVERSED AND REMANDED WITH DIRECTIONS.