773 N.W.2d 183 (2009)
18 Neb. App. 41
Jerad WILSON, appellant,
v.
Beverly NETH, director, State of Nebraska, Department of Motor Vehicles, appellee.
No. A-08-1268.
Court of Appeals of Nebraska.
September 22, 2009.
*186 Bell Island, of Island, Huff & Nichols, P.C., L.L.O., Scottsbluff, for appellant.
Jon Bruning, Attorney General, Milissa Johnson-Wiles, Lincoln, and Andee G. Penn for appellee.
IRWIN, CARLSON, and MOORE, Judges.
MOORE, Judge.

INTRODUCTION
After a June 2008 hearing, Beverly Neth, the director of the Nebraska Department of Motor Vehicles (Department), revoked Jerad Wilson's driving privileges for 1 year pursuant to Neb.Rev.Stat. § 60-498.01 (Reissue 2004). Wilson appealed to the district court for Box Butte County, which affirmed the Department's revocation order. Wilson appeals from the district court's affirmance of the revocation of his license by the Department, challenging the sufficiency of the sworn report to confer jurisdiction and the authority of the hearing officer to receive evidence. Pursuant to Neb. Ct. R.App. P. § 2-111(B)(1), this case was ordered submitted without oral argument. For the reasons that follow, we affirm the district court's order.

BACKGROUND
On May 4, 2008, two officers with the Alliance Police Department found Wilson passed out behind the steering wheel of his vehicle, which was parked in the middle of a roadway. After an officer woke him, Wilson admitted to drinking too much. Wilson smelled of alcohol and had bloodshot eyes and a flushed face, and his speech and movements were slow. Wilson showed impairment on field sobriety tests, and a preliminary breath test showed .184 of a gram of alcohol per 210 liters of breath. Wilson was arrested, and a chemical blood test was performed at the hospital which revealed a blood alcohol content of .169 of a gram of alcohol per 100 milliliters of blood.
A "Notice/Sworn Report/Temporary License" form (sworn report) was completed, signed by the two arresting officers in the presence of a notary, and received by the Department. The sworn report was received as an exhibit at the hearing. The sworn report shows the reasons for arrest were as follows: "Vehicle parked in middle of the road, driver passed out behind the wheel, driver addmitted [sic] to drinking too much, could not perform field sobriety tests as instructed, PBT result of .184." The portion of the sworn report that Wilson challenges as defective states: "The individual was directed to submit to a chemical test, and he or she: (Check appropriate box.)" Underneath that statement is a box next to each choice of "Refused to submit to the test," "Submitted to a breath test that indicated a BAC of 0.08 or more," and "Submitted to a blood test that indicated a BAC of 0.08 or more." Under each of the last two choices are spaces to insert the result of the test and the name of the testing operator. On Wilson's sworn report, the box next to "Submitted to a blood test" is not checked; however, the test information is completed under that heading, showing, "Result; .169 gram of alcohol per 100 ml of blood." In addition, the "blood tested by" blank is filled in with a name and the "date blood test results received" blank was completed.
Wilson filed a petition requesting an administrative hearing before the Department and received a notice that the hearing would be held on June 12, 2008, before Judy Vitamvas. Thomas M. Wakeley actually presided over the hearing. Following the hearing, Wakeley recommended to the Department's director that Wilson's *187 driver's license should be administratively revoked. The director adopted Wakeley's recommendation and ordered that Wilson's driver's license be revoked for the statutory period. Wilson appealed to the district court, which affirmed the revocation order. Wilson timely filed this appeal.

ASSIGNMENTS OF ERROR
Wilson asserts that the district court erred in failing to reverse the revocation because (1) the sworn report fails to show what chemical test Wilson submitted to and (2) the hearing officer was not properly appointed.

STANDARD OF REVIEW
Decisions of the director of the Department, pursuant to Nebraska's administrative revocation statutes, are appealed under the Administrative Procedure Act (APA), Neb.Rev.Stat. § 60-498.04 (Reissue 2004). A judgment or final order rendered by a district court in a judicial review pursuant to the APA may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Betterman v. Department of Motor Vehicles, 273 Neb. 178, 728 N.W.2d 570 (2007). When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Id. The meaning and interpretation of statutes and regulations are questions of law for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. Id.

ANALYSIS

Is Sworn Report Sufficient to Confer Jurisdiction?
Wilson argues that the failure of the officer to check the box demonstrating the type of test the motorist submitted to renders the sworn report insufficient to confer jurisdiction for the revocation. Nebraska law grants the director of the Department jurisdiction to administratively revoke the license of a person found to be driving under the influence of alcohol. § 60-498.01. The sworn report of the arresting officer must, at a minimum, contain the information specified in the applicable statute in order to confer jurisdiction. Hahn v. Neth, 270 Neb. 164, 699 N.W.2d 32 (2005). As Wilson correctly points out, § 60-498.01(3) requires a sworn report to state that the person was arrested as described in Neb.Rev.Stat. § 60-6,197(2) (Reissue 2004), the reasons for such arrest, that the person was requested to submit to the required test, that the person submitted to a test, the type of test to which the person submitted, and that such test revealed the presence of alcohol in a concentration specified in Neb.Rev.Stat. § 60-6,196 (Reissue 2004). The test used to determine whether an omission from a sworn report becomes a jurisdictional defect, as opposed to a technical one, is whether, notwithstanding the omission, the sworn report conveys the information required by the applicable statute. See, Betterman v. Department of Motor Vehicles, supra; Hahn v. Neth, supra.
Wilson argues that Hahn is factually similar and provides authority for a reversal in the instant case. In Hahn, the description of the sworn report form indicates that it was different from the form used in the present case. In Hahn, the officer checked a box noting that the driver "`submitted to a chemical test which indicated an alcohol concentration of 0.08 or more,'" but failed to check a box stating that the driver "`was requested to submit to the required test.'" 270 Neb. at 167, 699 N.W.2d at 36. The officer filled out a *188 portion of the form noting that the test results were "`0.148'" and that the "`Instrument Type'" was "'5000,'" but neglected to indicate whether the chemical test was of the driver's blood or breath. Id. Because the sworn report form did not indicate that the driver "`was requested'" to submit to the required test or "`the type of test'" to which he submitted, which information was statutorily required, the Nebraska Supreme Court in Hahn, 270 Neb. at 171, 699 N.W.2d at 38, concluded that the director did not acquire jurisdiction to administratively revoke Hahn's operator's license.
In the present case, the form does not contain a box next to the statement that "[t]he individual was directed to submit to a chemical test"; rather, it contains this statement as a positive assertion. Therefore, this "defect" from Hahn is not present in this case. The present form goes on to include the three options described aboverefused to submit, submitted to a breath test, or submitted to a blood test. Despite the officer's failure to check the box next to "Submitted to a blood test," the information contained under this heading clearly shows that a blood test was performed and that the results of the blood test revealed a blood alcohol concentration above the statutory amount; the form thus conveys the information required by § 60-498.01(3).
These facts are also distinguishable from those of Hahn because in Hahn, it was not discernible from other information provided in the sworn report whether the chemical test was of the blood or breath. In the present case, it is clear that a chemical blood test was performed, as the sworn report states the result of the blood test, the name of the person who tested the blood, and the date on which the blood test results were received.
The district court found that the sworn report in this case contained all of the requisite recitations and that the Department properly obtained jurisdiction. The district court in the present case found that viewing the form as a whole, the information that was filled in provided a legitimate inference that Wilson submitted to a blood test and that a blood test was performed. The court concluded that the failure to check the box was a technical defect, not a jurisdictional one.
Recognizing that we review jurisdictional questions independently, we conclude that the district court did not err in its determination. The sworn report, when viewed as a whole, contained the required recitations that Wilson was directed to submit to a chemical test, that he did so, and that the result of his blood test was.169 of a gram of alcohol per 100 milliliters of blood. As such, this assignment of error is without merit.

Hearing Officer.
Wilson next argues that a hearing officer who is not appointed by the director is not authorized to receive evidence. In this case, the notice of hearing indicated that the appeal would be heard before Vitamvas. However, the hearing officer who actually heard the appeal was Wakeley. Wilson argues that the regulations require a hearing officer to be appointed by the director in writing and that Vitamvas, not Wakeley, was appointed. Wilson argues that since Wakeley was not properly appointed, he had no authority to receive evidence or make a recommendation to the director. In the absence of a properly appointed hearing officer, Wilson argues, the Department is without jurisdiction to revoke his license.
Wilson's argument fails for several reasons. Wilson did not object to Wakeley's presiding as the hearing officer at the time of the administrative hearing or otherwise *189 raise the issue of whether the Department lacked jurisdiction because Wakeley was not properly appointed as the hearing officer. Generally, failure to make a timely objection waives the right to assert prejudicial error on appeal. See Hass v. Neth, 265 Neb. 321, 657 N.W.2d 11 (2003). Further, in an appeal under the APA, an appellate court will not consider an issue on appeal that was not presented to or passed upon by the administrative agency. Id.
Nevertheless, Wilson did raise the issue of the hearing officer's appointment before the district court, and the district court addressed it. The district court rejected the argument, finding that there was no evidence to show that Wakeley was not an appointed hearing officer as provided in the Nebraska Administrative Code.
To the extent that the district court treated this argument as a jurisdictional one which can be raised at any time, see Betterman v. Department of Motor Vehicles, 273 Neb. 178, 728 N.W.2d 570 (2007), we find no error in the district court's resolution of the issue. Wilson presented no evidence that Wakeley was not properly appointed and no authority which states that the appointment of the hearing officer must be made a part of the record in order to confer jurisdiction on the Department. The Nebraska Administrative Code provides that a hearing officer is an individual appointed by the director to preside at an administrative hearing. 247 Neb. Admin. Code, ch. 1, § 002.04 (2005). Hearing officers shall be appointed by the director in writing, and such appointment shall be of public record in the director's office. 247 Neb. Admin. Code, ch. 1, § 003.01 (2005). There is no evidence that Wakeley was not appointed pursuant to these regulations. Also, as the district court noted, the Nebraska Administrative Code does not require that the hearing be conducted by the hearing officer named in the notice of hearing. See 247 Neb. Admin. Code, ch. 1, § 001 et seq. (2005).
We find this assignment of error to be without merit.

CONCLUSION
Accordingly, we conclude that the district court did not clearly err when it determined that the Department had jurisdiction to administratively revoke Wilson's driver's license, and we therefore affirm.
AFFIRMED.