§ 3-508.4(b). Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is ordered suspended for a period of 18 months retroactive to the date of his temporary suspension, September 13, 2012, and respondent is ordered automatically reinstated without further application to the court. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323(B) of the disciplinary rules within 60 days after the order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.
ORDER OF REINSTATEMENT.

---

DANIEL HOPPENS, APPELLANT, v. NEBRASKA DEPARTMENT
OF MOTOR VEHICLES, APPELLEE.
___ N.W.2d ___

Filed August 22, 2014.    No. S-13-755.

1. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.
2. ____: ____: ____. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. **Judgments.** Whether a decision conforms to law is by definition a question of law.
4. **Judgments: Appeal and Error.** An appellate court determines questions of law independently of the lower court.
5. **Administrative Law: Motor Vehicles: Licenses and Permits: Revocation: Police Officers and Sheriffs: Jurisdiction.** An arresting officer's sworn report under Neb. Rev. Stat. § 60-498.01(2) (Cum. Supp. 2012) serves two functions essential to the administrative license revocation process: (1) It establishes a prima facie basis for revocation, and (2) it confers jurisdiction on the Department of Motor Vehicles.

6. **Drunk Driving: Arrests: Proof.** There are two components to the reasons for arrest which must be included in a sworn report: (1) driving or actual physical control of a motor vehicle and (2) doing so while under the influence of alcohol or drugs.

7. **Administrative Law: Jurisdiction: Drunk Driving: Proof.** Sworn reports which do not include factual reasons supporting the officer's suspicion that a person is driving or in actual physical control of a motor vehicle and doing so while under the influence are not sufficient to confer jurisdiction on the Department of Motor Vehicles.

8. **Drunk Driving: Statutes.** Nebraska's driving under the influence statutes do not apply to the operation or control of a motor vehicle on private property not open to public access.

9. **Statutes: Appeal and Error.** The rules of statutory interpretation require an appellate court to give effect to the entire language of a statute, and to reconcile different provisions of the statutes so they are consistent, harmonious, and sensible.

10. ____: ____. An appellate court gives statutory language its plain and ordinary meaning, and the court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

11. ____: ____. An appellate court gives effect to all parts of a statute and avoids rejecting as superfluous or meaningless any word, clause, or sentence.

12. **Statutes.** A court will not read a meaning into a statute that is not warranted by the legislative language.

13. **Drunk Driving.** A sworn report under Neb. Rev. Stat. § 60-498.01(2) (Cum. Supp. 2012) does not need to state or support an inference that the individual arrested drove or controlled a motor vehicle on property open to public access.

Appeal from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Affirmed.

Thomas Petersen, of Petersen Law Office, for appellant.

Jon Bruning, Attorney General, and Milissa Johnson-Wiles for appellee.

WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

CONNOLLY, J.

## SUMMARY

A police officer arrested Daniel Hoppens after he was found in a motor vehicle parked in an Omaha Police Department parking lot. The arresting officer observed signs of intoxication and asked Hoppens to perform a chemical test. Hoppens refused, and following an administrative license revocation

(ALR) hearing, the Nebraska Department of Motor Vehicles (DMV) revoked his driving privileges for 1 year and the district court for Douglas County affirmed the revocation. On appeal, Hoppens argues that the DMV did not have jurisdiction to revoke his license because the sworn report submitted by the arresting officer did not state that the motor vehicle was on property open to public access. Finding no error, we affirm.

## BACKGROUND

Omaha police officer Scott Shymkewicz was "working a DUI mini grant" on March 10, 2013. As he was fueling his cruiser at an Omaha Police Department parking lot in downtown Omaha, he noticed a vehicle without police markings in the lot. Shymkewicz approached the vehicle and found Hoppens in the driver's seat. Shymkewicz observed that Hoppens had bloodshot eyes, slurred speech, and a strong odor of alcohol on his breath. Hoppens told Shymkewicz that "he had just driven into the lot" and was waiting for a friend to exit a nearby bar. Shymkewicz testified that the parking lot is private property and that signs posted on the lot warned it was for police use only. Although Shymkewicz did not observe the vehicle in motion, he concluded that Hoppens had driven the vehicle, because the engine was running and Hoppens said that he drove to the lot.

After Hoppens failed several field sobriety tests and an "aqua breath sensor test," Shymkewicz placed him under arrest and took him inside police headquarters. Shymkewicz testified that he then read the postarrest chemical test advisement form to Hoppens. In addition to a signature field for the "Advising Officer," the form contains a space for the signature of a "Witnessing Officer." Hoppens told Shymkewicz that there needed to be a witnessing officer and refused to sign the form without one. Shymkewicz told Hoppens that it was not necessary for a witnessing officer, or even Hoppens himself, to sign the form, but Hoppens nevertheless declined to take a chemical test.

Shymkewicz drafted a "Sworn Report," which stated that Hoppens had been directed to take a chemical test and refused.

The report further stated that Shymkewicz arrested Hoppens as described in Neb. Rev. Stat. § 60-6,197 (Cum. Supp. 2012) and provided the following reasons for the arrest:

> HOPPENS was sitting in the driver's seat of his car with the keys in the ignition, engine running, and headlights on in the Omaha Police Dept. headquarters parking lot where a sign is posted prohibiting it. He admitted drinking a few sips of beer and showed signs of intoxication: bloodshot eyes, slurred speech, strong odor of alcoholic beverage on his breath. He showed impairment on field tests and failed an alco test.

On March 19, 2013, Hoppens filed a petition for an ALR hearing.

On April 5, 2013, an ALR hearing was held before the DMV. The hearing officer acknowledged that Hoppens, Shymkewicz, and the attorney representing the DMV all agreed that the parking lot was private property. However, the hearing officer found that she did not need to address the issue, "because the totality of the circumstances leading to [Hoppens'] arrest convinces her that [Hoppens] had to have been intoxicated and operating a motor vehicle prior to and at the time he drove into the lot." Because there was no evidence that anyone other than Hoppens operated the vehicle and he had to have traveled on public streets to reach the parking lot, the hearing officer found that "it must be assumed that [Hoppens] operated his vehicle on a public roadway while intoxicated prior to entering the lot." The hearing officer recommended that the director of the DMV revoke Hoppens' driver's license. The director adopted the findings and conclusions of the hearing officer and revoked Hoppens' driver's license for 1 year.

Hoppens filed a petition for review in the district court, arguing that he was on private property not open to public access and therefore not required to submit to a chemical test. The district court dismissed Hoppens' petition. The court found that "[w]hether the parking lot is private property not open to public access is a question of fact to be determined at trial" and that Shymkewicz' sworn report was "clearly sufficient" to confer jurisdiction on the DMV. The court also rejected

Hoppens' argument that, because the vehicle was on property not open to public access, the arresting officer lacked probable cause to arrest.

## ASSIGNMENT OF ERROR

Hoppens assigns, restated, that the DMV erred in concluding it had jurisdiction to revoke his driving privileges, because the sworn report did not state or support an inference that he had operated a motor vehicle on property open to public access.

## STANDARD OF REVIEW

[1-4] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.[1] When reviewing an order of a district court under the act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[2] Whether a decision conforms to law is by definition a question of law.[3] An appellate court determines questions of law independently of the lower court.[4]

## ANALYSIS

Hoppens argues that the sworn report was insufficient to confer jurisdiction on the DMV. Specifically, Hoppens contends that a sworn report must at least support an inference that he was driving or in actual physical control of a motor vehicle on property open to public access. The DMV argues that its jurisdiction is not dependent on a statement of the vehicle's location in the sworn report. The following statutes guide our analysis.

---

[1] *Underwood v. Nebraska State Patrol*, 287 Neb. 204, 842 N.W.2d 57 (2014).

[2] *Id*.

[3] See *id*.

[4] See *State v. Patton*, 287 Neb. 899, 845 N.W.2d 572 (2014).

Any person who operates a motor vehicle in Nebraska is deemed to have consented to submit to chemical tests to determine the concentration of alcohol in the blood, breath, or urine. Peace officers may direct any person arrested for suspicion of driving under the influence of alcohol to submit to a chemical test.[5] A driver who refuses to submit is subject to the ALR procedures found in Neb. Rev. Stat. §§ 60-498.01 to 60-498.04 (Cum. Supp. 2012).

The ALR process begins with a sworn report authored by the arresting officer. If the driver refuses to submit to a chemical test, § 60-498.01(2) provides:

> The arresting peace officer shall within ten days forward to the director a sworn report stating (a) that the person was arrested as described in subsection (2) of section 60-6,197 and the reasons for such arrest, (b) that the person was requested to submit to the required test, and (c) that the person refused to submit to the required test.

Section 60-6,197(2) applies to "any person arrested for any offense arising out of acts alleged to have been committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic liquor or drugs." Unless the driver submits a petition to the director, revocation is automatic 15 days after the date of arrest.[6]

[5] An arresting officer's sworn report serves two functions essential to the ALR process. First, it establishes a prima facie basis for revocation.[7] Second, given the substantial role which the sworn report plays, it must, at a minimum, contain the information specified in the applicable statute to confer jurisdiction on the DMV.[8] Here, our focus is on the "reasons for such arrest" that must be included in the sworn report under § 60-498.01(2).

---

[5] *Snyder v. Department of Motor Vehicles*, 274 Neb. 168, 736 N.W.2d 731 (2007).

[6] § 60-498.01(4).

[7] *Snyder, supra* note 5.

[8] *Murray v. Neth*, 279 Neb. 947, 783 N.W.2d 424 (2010); *Hahn v. Neth*, 270 Neb. 164, 699 N.W.2d 32 (2005).

We addressed the sufficiency of the reasons for arrest in a sworn report in *Betterman v. Department of Motor Vehicles*.[9] The sworn report in *Betterman* stated the following reasons for the driver's arrest: "'[R]eckless driving. Driver displayed signs of alcohol intoxication. Refused SFST and later breath test.'"[10] We explained that "[a]n arrest described in § 60-6,197(2) is an arrest 'for any offense arising out of acts alleged to have been committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic liquor or drugs.'"[11] Examining the information conveyed in the report, we held that "'reckless driving'" and "'"displayed signs of alcohol intoxication"'" were sufficient reasons for an arrest under § 60-6,197(2).[12]

[6,7] Under *Betterman*, there are two components to the reasons for arrest which must be included in a sworn report: (1) driving or actual physical control of a motor vehicle and (2) doing so while under the influence of alcohol or drugs. Both components are derived from the language on the face of § 60-6,197(2). The statutory requirements are not onerous,[13] and sworn reports which do not include factual reasons supporting the officer's suspicion that a person is both driving or in actual physical control of a motor vehicle and doing so while under the influence are not sufficient to confer jurisdiction on the DMV. For example, we held in *Snyder v. Department of Motor Vehicles*[14] that "'[s]peeding (20 OVER)/D.U.I.'" was insufficient because it failed to state the officer's factual reasons for believing that the driver was intoxicated. The Nebraska Court of Appeals has held that sworn reports failed to include the factual reasons for suspecting that the individual arrested was driving or in actual physical control of

---

[9] *Betterman v. Department of Motor Vehicles*, 273 Neb. 178, 728 N.W.2d 570 (2007).

[10] *Id*. at 182, 728 N.W.2d at 578.

[11] *Id*. at 186, 728 N.W.2d at 581, quoting § 60-6,197(2).

[12] *Id*.

[13] See *Johnson v. Neth*, 276 Neb. 886, 758 N.W.2d 395 (2008).

[14] *Snyder, supra* note 5, 274 Neb. at 168, 736 N.W.2d at 732.

a motor vehicle where the reasons for arrest were as follows: "'[P]assed out in front of [the gas] Station, near front doors. Signs of alcohol intoxication,'"[15] and "'1 vehicle accident, odor of Alcoholic beverage Bloodshot watery eyes, Slurred Speech, Refused Field Sobriety. Refused PBT Refused Legal Blood, Refused Urine sample test.'"[16]

[8] Hoppens does not dispute that Shymkewicz' sworn report includes sufficient factual reasons for suspecting that he was in actual physical control of a motor vehicle while under the influence of alcohol. Instead, Hoppens argues that the "reasons for such arrest" in § 60-498.01(2) must also include a statement of the arresting officer's factual reasons for believing that the vehicle was driven or controlled while on property open to public access. Hoppens relies on the Nebraska Rules of the Road,[17] in which § 60-6,197 is codified. Section 60-6,108 provides that § 60-6,197 "appl[ies] upon highways and anywhere throughout the state except private property which is not open to public access." We have recognized that our driving under the influence statutes, including criminal liability for the refusal of a chemical test, do not apply to the operation or control of a motor vehicle on private property not open to public access.[18] Hoppens argues, in essence, that the phrase "arrested as described in subsection (2) of section 60-6,197 and the reasons for such arrest" found in § 60-498.01(2) incorporates a requirement that the sworn report include the facts necessary to sustain a criminal conviction.

[9-12] Hoppens' assignment of error calls upon us to interpret § 60-498.01. The rules of statutory interpretation require an appellate court to give effect to the entire language of a statute, and to reconcile different provisions of the statutes so

---

[15] *Yenney v. Nebraska Dept. of Motor Vehicles*, 15 Neb. App. 446, 451, 729 N.W.2d 95, 99 (2007).

[16] *Barnett v. Department of Motor Vehicles*, 17 Neb. App. 795, 797, 770 N.W.2d 672, 674 (2009).

[17] See Neb. Rev. Stat. §§ 60-601 to 60-6,382 (Reissue 2010, Cum. Supp. 2012 & Supp. 2013).

[18] *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011).

they are consistent, harmonious, and sensible.[19] We give statutory language its plain and ordinary meaning, and we will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[20] We will give effect to all parts of a statute and avoid rejecting as superfluous or meaningless any word, clause, or sentence.[21] And we will not read a meaning into a statute that is not warranted by the legislative language.[22]

[13] We conclude that the reasons for an arrest as described in § 60-6,197(2) include those reasons described in the text of that section. Namely, the sworn report must state the arresting officer's reasons for believing that the individual arrested was driving or in actual physical control of a motor vehicle while under the influence of alcohol or drugs. We do not read the disputed clause of § 60-498.01(2) to incorporate the Nebraska Rules of the Road and any other factual predicates for a criminal conviction under our driving under the influence laws. Furthermore, there is no requirement in § 60-498.01(2) that the sworn report describe the requisites of a valid arrest. In fact, the Legislature amended the predecessor to § 60-498.01(2) in 2003 to remove the requirement that the arresting officer aver that the driver was "validly" arrested under § 60-6,197(2).[23] We hold that the sworn report under § 60-498.01(2) does not need to state or support an inference that the individual arrested drove or controlled a motor vehicle on property open to public access.

## CONCLUSION

We conclude that the arresting officer's sworn report under § 60-498.01(2) does not need to state or support an inference that the motor vehicle was driven or operated on property open to public access to confer jurisdiction on the DMV. The

---

[19] *ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014).

[20] *Id*.

[21] See *id*.

[22] See *id*.

[23] 2003 Neb. Laws, L.B. 209, § 4.

reasons for arrest that must be included in a sworn report are those facts supporting the officer's suspicion that the individual arrested drove or physically controlled a motor vehicle while under the influence of alcohol or drugs. Hoppens does not dispute that Shymkewicz' sworn report included these factual reasons or argue that the sworn report was otherwise deficient. Accordingly, we affirm the judgment of the district court.

We note that in *Sherman v. Neth*,[24] the Court of Appeals held that a sworn report must contain sufficient assertions to allow an inference that the motorist was on a public road or private property open to public access. Although we reversed the Court of Appeals' decision on other grounds in *Sherman v. Neth*[25] and remanded the cause to the Court of Appeals with orders to vacate its decision, we take this opportunity to disapprove the above-stated holding in the Court of Appeals' decision.

AFFIRMED.

HEAVICAN, C.J., participating on briefs.

---

[24] *Sherman v. Neth*, 19 Neb. App. 435, 808 N.W.2d 365 (2011).

[25] *Sherman v. Neth*, 283 Neb. 895, 813 N.W.2d 501 (2012).

---

TELRITE CORPORATION, DOING BUSINESS AS LIFE
WIRELESS, APPELLANT, V. NEBRASKA PUBLIC
SERVICE COMMISSION, APPELLEE.

___ N.W.2d ___

Filed August 22, 2014.    No. S-13-870.

1. **Public Service Commission: Appeal and Error.** Under Neb. Rev. Stat. § 75-136(2) (Supp. 2013), an appellate court reviews an order of the Nebraska Public Service Commission de novo on the record.
2. **Appeal and Error.** In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions concerning the matters at issue.
3. **Public Service Commission: Appeal and Error.** Under Neb. Rev. Stat. § 75-136 (Supp. 2013), an appellate court must reappraise the evidence on the record as