STEVEN R. YENNEY, APPELLANT, V. NEBRASKA
DEPARTMENT OF MOTOR VEHICLES, APPELLEE.

729 N.W.2d 95

Filed March 20, 2007.   No. A-05-695.

Adam J. Sipple, of Johnson & Mock, for appellant.

Jon Bruning, Attorney General, Laura L. Neesen, and Melissa R. Vincent for appellee.

INBODY, Chief Judge, and IRWIN and SIEVERS, Judges.

SIEVERS, Judge.

The district court for Douglas County affirmed the ruling of the director of the Department of Motor Vehicles (the Department) that Steven R. Yenney's driving privileges should be revoked for 1 year under the administrative license revocation (ALR) statutes. We find that the Department did not make a prima facie case for

license revocation, and we therefore reverse, and remand with directions to reinstate Yenney's driver's license.

## FACTUAL AND PROCEDURAL BACKGROUND

Shortly after midnight on December 1, 2004, Omaha Police Officers David Carlson and Larry Bakker found Yenney asleep behind the wheel of a vehicle in a gas station's parking lot. The officers had Yenney exit the vehicle. Officer Carlson detected a "strong" odor of alcohol and noticed that Yenney had trouble standing, was slow to respond to commands and instructions, appeared to have urinated on himself, and exhibited "all the signs of intoxication." Officer Carlson had Yenney perform several field sobriety tests. Yenney consented to taking the horizontal gaze nystagmus test, reciting the alphabet, and counting backward, but he refused to do any other field sobriety tests. Yenney refused to submit to a preliminary breath test. Officers Carlson and Bakker placed Yenney under arrest for suspicion of driving under the influence of alcohol (DUI). Yenney was transported to central police headquarters, where he refused to submit to a chemical test of his breath. Officer Bakker completed a "Notice/Sworn Report/Temporary License" (sworn report) form, which was also signed by Officer Carlson, and filed it with the Department on December 6. Yenney was given a temporary license, valid for 30 days from the date of notice under the ALR statutes. See Neb. Rev. Stat. § 60-498.01(5)(c) (Reissue 2004).

A petition for administrative hearing was received by the Department on December 7, 2004, and a hearing was scheduled for December 22. On December 22, an ALR hearing before a hearing officer for the Department was held to determine whether Yenney was operating or in the actual physical control of a motor vehicle while under the influence of alcohol in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2004). The hearing officer's report states that neither party requested the rules of evidence be applied and that the hearing proceeded informally.

At the beginning of the hearing, Yenney moved to dismiss for lack of jurisdiction because the reasons provided for arrest in the sworn report were deficient. Yenney argued, "They don't support an arrest for a DUI because they provide no indication that [Yenney] ever operated or was in a position to operate a motor

vehicle." The motion was overruled, and the hearing proceeded. As will be discussed below, an order was entered finding that Yenney was operating or in the actual physical control of a motor vehicle while having an alcohol concentration in violation of § 60-6,196(1).

Officer Carlson gave sworn testimony at the ALR hearing. The key facts from his testimony have earlier been set forth above, and we do not repeat such. However, an additional piece of evidence was that Officer Carlson testified that while en route to central police headquarters, Yenney spontaneously told Officer Carlson that Yenney had been driving the vehicle and had stopped at the gas station to get a "pop." The sworn report signed by Officers Carlson and Bakker was received into evidence.

The hearing officer recommended that the director of the Department find (1) that the officer had probable cause to believe Yenney was operating or in the actual physical control of a motor vehicle in violation of § 60-6,196, (2) that Yenney was operating or in the actual physical control of a motor vehicle while having an alcohol concentration in violation of § 60-6,196(1), and (3) that Yenney refused a peace officer's lawful direction to submit to a chemical test. On December 28, 2004, the Department entered an order revoking Yenney's driver's license and/or operating privileges for 1 year, effective December 31.

On January 3, 2005, Yenney filed his "Petition for Review of Administrative License Revocation" in the district court for Douglas County. Yenney alleged that relief should be granted because the ALR order was arbitrary, contrary to law, and contrary to the Department's regulations governing the proceeding. The Department's order of revocation was stayed pending Yenney's appeal to the district court. A hearing on Yenney's petition for review was held on April 28. On May 2, the district court filed its order affirming the revocation of Yenney's operating privileges. Yenney timely appeals the district court's order.

## ASSIGNMENTS OF ERROR

Yenney alleges that the district court erred in (1) finding that the Department properly overruled Yenney's motion to dismiss the administrative proceeding for lack of jurisdiction, (2) finding that the sworn report constituted prima facie evidence of

the validity of the order of revocation by the director of the Department; and (3) finding that the evidence established probable cause that Yenney operated a motor vehicle in violation of § 60-6,196.

## STANDARD OF REVIEW

Decisions of the director of the Department of Motor Vehicles, pursuant to Nebraska's ALR statutes, are appealed under the Administrative Procedure Act (APA). *Reiter v. Wimes*, 263 Neb. 277, 640 N.W.2d 19 (2002). A final order rendered by a district court in a judicial review pursuant to the APA may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Trackwell v. Nebraska Dept. of Admin. Servs.*, 8 Neb. App. 233, 591 N.W.2d 95 (1999). See Neb. Rev. Stat. § 84-918(3) (Reissue 1999). When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Trackwell v. Nebraska Dept. of Admin. Servs., supra.*

## ANALYSIS

Yenney argues that the district court erred in finding that the Department properly overruled Yenney's motion to dismiss the administrative proceeding for lack of jurisdiction and in finding that the sworn report constituted prima facie evidence of the validity of the order of revocation by the director of the Department. "The sworn report of the arresting officer shall be received into the record by the Hearing Officer as the jurisdictional document of the hearing, and upon receipt of the sworn report, the [d]irector's order of revocation has prima facie validity." 247 Neb. Admin. Code, ch. 1, § 006.01 (2001). The Department makes a prima facie case for license revocation once it establishes that the arresting officer provided his or her sworn report containing the required recitations. See, *Morrissey v. Department of Motor Vehicles*, 264 Neb. 456, 647 N.W.2d 644 (2002); *McPherrin v. Conrad*, 248 Neb. 561, 537 N.W.2d 498 (1995). (Both *Morrissey v. Department of Motor Vehicles* and *McPherrin v. Conrad* have been disapproved, but only to the

extent that such cases suggest that a sworn report which does not include information required by statute may be supplemented by evidence offered at a subsequent hearing. See *Hahn v. Neth*, 270 Neb. 164, 699 N.W.2d 32 (2005).) The required recitations in the sworn report are that (1) the person was arrested as described in Neb. Rev. Stat. § 60-6,197(2) (Reissue 2004)—reasonable grounds to believe such person was driving under the influence—and the reasons for such arrest, (2) the person was requested to submit to the required test, and (3) the person refused to submit to the required test. § 60-498.01(2).

■ In the instant case, the officers' sworn report stated that Yenney was directed to submit to a chemical test and that he refused such test. The sworn report form also stated: "The undersigned officer(s) hereby swear(s) that the above-named individual was arrested pursuant to . . . § 60-6,197, and the reasons for the arrest are: <u>passed out in front of [the gas] Station, near front doors. Signs of alcohol intoxication.</u>" (The underscored portion indicates the officers' comments handwritten on the blank lines provided on the form.) The Department argues that the foregoing provides reasonable grounds to believe that Yenney was *driving* under the influence, because one can infer by the reference to the DUI statute—§ 60-6,197—that he was in fact illegally driving a motor vehicle as prohibited by the provisions of that statute, i.e., he would not have been arrested if he were not driving with impermissible alcohol levels. In short, while the handwritten reasons for the arrest do not recite that Yenney was driving or in a vehicle or even near one, the State seeks to "bootstrap" such facts into the sworn report by the form's mere preprinted recitation of the fact he was arrested pursuant to the DUI statute. The reasons recited for the arrest merely state that he was passed out near the front doors of the gas station, which could mean that Yenney was passed out on the sidewalk or driveway rather than in a motor vehicle, and the stated reasons include no facts showing how he got there or allowing an inference that he drove there in a drunken condition. As a general proposition, we believe it fair to say that the ALR statutes and the proceedings thereunder have been tightly scrutinized by the appellate courts as evidenced by the discussion which follows. Therefore, we hold that including a statement in the sworn report that the individual was arrested

pursuant to § 60-6,197 does not provide a factual basis for the arrest, because such is a mere legal conclusion.

However, the reasons for the arrest were in the record by way of Officer Carlson's testimony at the ALR hearing, such reasons being that he and Officer Bakker found Yenney asleep behind the wheel of a vehicle in a gas station's parking lot. And Officer Carlson also testified that while en route to central police headquarters, Yenney spontaneously told Officer Carlson that Yenney had been driving the vehicle and had stopped at the gas station to get a "pop." However, a sworn report which does not include information required by statute cannot be supplemented by evidence offered at a subsequent hearing. *Hahn v. Neth, supra.* Thus, the Department did not make a prima facie case for license revocation. Because the Department did not meet its burden of proof, Yenney's driver's license should not have been revoked. We reverse the revocation of Yenney's driver's license and remand the cause with directions that his driving privileges be restored.

## CONCLUSION

For the reasons stated above, we find that the Department did not make a prima facie case for license revocation and that Yenney's driver's license should not have been revoked under the ALR statutes.

REVERSED AND REMANDED WITH DIRECTIONS.