17 Neb. App. 795
JARYD D. BARNETT, APPELLANT,
v.
DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, APPELLEE.
No. A-08-211.
Court of Appeals of Nebraska.
Filed July 28, 2009.
Gregory G. Jensen, P.C., L.L.O., for appellant.
Jon Bruning, Attorney General, and Andee G. Penn for appellee.
IRWIN, CARLSON, and MOORE, Judges.
IRWIN, Judge.

I. INTRODUCTION
Pursuant to this court's authority under Neb. Ct. R. App. P. § 2-111(B)(1), this case was ordered submitted without oral argument. Jaryd D. Barnett appeals an order of the district court for Adams County, Nebraska, which affirmed an order of the director of the Nebraska Department of Motor Vehicles (Department) revoking Barnett's motor vehicle operator's license. On appeal, Barnett challenges the sufficiency of the sworn report offered at his administrative hearing to establish a prima facie case for administrative license revocation and to confer jurisdiction on the Department, and also asserts that the court erred in finding that he failed to disprove any prima facie case established by the sworn report. We find that the sworn report in this case was insufficient to confer jurisdiction on the Department, and we reverse, and remand with directions.

II. BACKGROUND
On May 12, 2007, the arresting officer assisted in the investigation of a single-vehicle motor vehicle accident and ultimately arrested Barnett for suspicion of driving under the influence and for refusal to submit to a preliminary breath test. The vehicle involved in the accident apparently belonged to Barnett. The arresting officer testified that he did not observe Barnett driving the vehicle, seated in the vehicle, or with any keys to the vehicle. According to the arresting officer, when he arrived on the scene, there was an additional vehicle present that had not been involved in the accident. The arresting officer testified that Barnett advised him "numerous times" that Barnett had not been driving the vehicle involved in the accident and testified that Barnett indicated that he had arrived at the scene as a passenger in the second vehicle.
The arresting officer testified that he observed that Barnett had bloodshot and watery eyes, slurred speech, and a strong odor of an alcoholic beverage. During the arresting officer's investigation of the single-vehicle accident, he asked Barnett to submit to field sobriety tests, which Barnett refused. Barnett also refused to submit to a blood alcohol test and a urine sample test.
The arresting officer completed a "Notice/Sworn Report/ Temporary License" form (hereinafter Sworn Report). The form includes the preprinted language that "[t]he undersigned officer(s) hereby swear(s) that the above-named individual was arrested pursuant to Neb. Rev. Stat. § 60-6,197, and the reasons for the arrest are:" and then includes approximately 2½ blank lines where the officer is to include the reasons for arresting Barnett. On those blank lines, the arresting officer wrote: "1 vehicle accident, odor of Alcoholic beverage Bloodshot watery eyes, Slurred Speech, Refused Field Sobriety. Refused PBT Refused Legal Blood, Refused Urine sample test."
On June 6, 2007, a hearing was held before a hearing officer. When the Department offered the arresting officer's Sworn Report, Barnett objected on the basis that the Sworn Report contained no statement indicating that Barnett had been the driver or had been in actual physical possession or operation of the vehicle. The hearing officer overruled the objection and received the Sworn Report.
On June 7, 2007, the hearing officer issued proposed findings and a recommendation that Barnett's operator's license be revoked. The hearing officer found that the Sworn Report "was complete on its face" and found that Barnett had failed to prove that the recitations in the Sworn Report were false. The hearing officer recommended revocation of Barnett's operator's license. On June 11, the director of the Department adopted the hearing officer's proposed findings and recommendation and revoked Barnett's operator's license for 1 year.
Barnett appealed the revocation of his operator's license to the district court. Before the district court, Barnett argued, again, that the Sworn Report offered by the Department had been insufficient. He argued that the arresting officer is required to include facts demonstrating the defendant was driving or in physical control of the vehicle and that the arresting officer in the present case failed to do so. Barnett argued that the Department lacked jurisdiction to proceed without a sufficient Sworn Report. Barnett also argued that he had sufficiently rebutted the allegations of the Sworn Report. On February 7, 2008, the district court entered an order affirming the Department's revocation of Barnett's operator's license. This appeal followed.

III. ASSIGNMENTS OF ERROR
Barnett has assigned four errors on appeal in which he challenges the sufficiency of the Sworn Report to confer jurisdiction on the Department and challenges the Department's conclusion that he had failed to rebut any prima facie case established by the Sworn Report.

IV. ANALYSIS
The primary issue raised by Barnett, and the one upon which we resolve this appeal, is that the factual information provided by the arresting officer on the Sworn Report was insufficient to confer jurisdiction on the Department to revoke Barnett's motor vehicle operator's license. After reviewing the Sworn Report and comparing the factual information provided therein to the information discussed in established case law, we conclude that the arresting officer failed to allege sufficient facts to allow an inference that Barnett had been driving or in physical control of the vehicle involved in the accident and that the Sworn Report is, therefore, insufficient to confer jurisdiction on the Department.
[1-3] The sworn report of the arresting officer is received into the record by the hearing officer as the jurisdictional document of the hearing, and upon receipt of the sworn report, the director's order of revocation has prima facie validity. 247 Neb. Admin. Code, ch. 1, § 006.01 (2005); Yenney v. Nebraska Dept. of Motor Vehicles, 15 Neb. App. 446, 729 N.W.2d 95 (2007). The Department makes a prima facie case for license revocation once it establishes that the arresting officer provided his or her sworn report containing the required recitations. Yenney v. Nebraska Dept. of Motor Vehicles, supra. The required recitations in the sworn report are that (1) the person was arrested as described in Neb. Rev. Stat. § 60-6,197(2) (Reissue 2004)reasonable grounds to believe such person was driving under the influenceand the reasons for such arrest, (2) the person was requested to submit to the required test, and (3) the person refused to submit to the required test. Neb. Rev. Stat. § 60-498.01(2) (Reissue 2004); Yenney v. Nebraska Dept. of Motor Vehicles, supra.
The appellate courts in Nebraska have recently addressed the first required recitation and elaborated on what the arresting officer must include for the sworn report to be sufficient to confer jurisdiction on the Department. See, Snyder v. Department of Motor Vehicles, 274 Neb. 168, 736 N.W.2d 731 (2007); Betterman v. Department of Motor Vehicles, 273 Neb. 178, 728 N.W.2d 570 (2007); Yenney v. Nebraska Dept. of Motor Vehicles, supra.
In Betterman v. Department of Motor Vehicles, supra, the Nebraska Supreme Court noted that the sworn report of the arresting officer must, at a minimum, contain the information specified in the applicable statute to confer jurisdiction on the Department. In that case, the handwritten list of reasons for the arresting officer's arrest of W. Patrick Betterman stated: "`[R]eckless driving. Driver displayed signs of alcohol intoxication. Refused all SFST and later breath test.'" Id. at 182, 728 N.W.2d at 578. The Supreme Court concluded that the allegations were sufficient to establish a valid reason for the stop of Betterman's vehicle and to allege that Betterman had been driving while under the influence.
In Yenney v. Nebraska Dept. of Motor Vehicles, 15 Neb. App. at 451, 729 N.W.2d at 99, this court addressed the sufficiency of a sworn report wherein the handwritten list of reasons for the arrest stated: "'[P]assed out in front of [the gas] Station, near front doors. Signs of alcohol intoxication.'" This court concluded that the allegations were insufficient to confer jurisdiction on the Department, because the stated reasons for the arrest included no facts allowing an inference that Steven R. Yenney had driven to the location in a drunken condition; the allegations did not even allege the presence of a motor vehicle, let alone that Yenney was located in or near the vehicle at the time of the arresting officer's arrival.
In Snyder v. Department of Motor Vehicles, 274 Neb. at 169, 736 N.W.2d at 733, the handwritten list of reasons for the arrest stated: "'Speeding (20 OVER)/D.U.I.'" The Nebraska Supreme Court concluded that the handwritten allegations were sufficient to explain an initial traffic stop but did not, standing alone, constitute a reason for the arrest. The Supreme Court concluded that the allegations were insufficient to provide factual reasons upon which the arresting officer's suspicion of driving under the influence was based.
[4] We have noted that the administrative license revocation statutes and the proceedings thereunder have been tightly scrutinized by the appellate courts. Yenney v. Nebraska Dept. of Motor Vehicles, 15 Neb. App. 446, 729 N.W.2d 95 (2007). The Nebraska Supreme Court has noted that completion of a 1-page sworn report form is not an onerous task. Snyder v. Department of Motor Vehicles, supra. With that in mind, and in light of the relatively recent discussions of the requirements in the cases just discussed, we conclude that the handwritten reasons for the arrest in the present case are insufficient.
Like the handwritten notations in Yenney v. Nebraska Dept. of Motor Vehicles, supra, the arresting officer's notations in the present case do not indicate, or allow an inference, that Barnett was ever operating a motor vehicle. The arresting officer indicated that he responded to a single-vehicle accident, but made no factual allegation suggesting that Barnett was the driver of that vehicle. In contrast, the handwritten assertions in Betterman v. Department of Motor Vehicles, 273 Neb. 178, 728 N.W.2d 570 (2007), indicated that the officer actually made a traffic stop of Betterman for reckless driving and noted that the driver displayed signs of intoxication. Similarly, in Snyder v. Department of Motor Vehicles, 274 Neb. 168, 736 N.W.2d 731 (2007), the handwritten assertions indicated that the officer made a traffic stop of the driver for speeding, but failed to sufficiently indicate what caused the officer to suspect intoxication. In the present case, the arresting officer did not make a traffic stop and failed to include sufficient factual allegations in the Sworn Report to indicate an allowable inference that Barnett, of the people on the scene at the time of the officer's arrival, was the one who had been driving the vehicle. As such, the Sworn Report in the present case was insufficient to confer jurisdiction on the Department, and we need not address Barnett's remaining assignments of error.

V. CONCLUSION
We find that the Sworn Report in this case was insufficient to confer jurisdiction on the Department to revoke Barnett's operator's license. We reverse the decision of the district court and remand the matter with directions to reverse the order of the director.
REVERSED AND REMANDED WITH DIRECTIONS.