Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/20/2023 09:06 AM CDT

Michael Ryan Nelson, appellant, v.
Rhonda K. Lahm, director, State
of Nebraska, Department of
Motor Vehicles, appellee.

___ N.W.2d ___

Filed June 13, 2023.    No. A-22-669.

1. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.
2. ____: ____: ____. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. **Judgments: Appeal and Error.** Whether a decision conforms to law is by definition a question of law. An appellate court determines questions of law independently of the lower court.
4. **Administrative Law: Motor Vehicles: Licenses and Permits: Revocation: Police Officers and Sheriffs: Jurisdiction.** In an administrative license revocation proceeding, the sworn report of the arresting officer must, at a minimum, contain the information specified in the applicable statute in order to confer jurisdiction.
5. **Administrative Law: Motor Vehicles: Licenses and Permits: Revocation: Evidence: Jurisdiction.** In an administrative license revocation proceeding, the sworn report of the arresting officer is received into the record by the hearing officer as the jurisdictional document of the hearing, and upon receipt of the sworn report, the order of revocation by the director of the Department of Motor Vehicles has prima facie validity.
6. **Administrative Law: Motor Vehicles: Licenses and Permits: Revocation: Police Officers and Sheriffs.** In an administrative

license revocation proceeding, the Department of Motor Vehicles makes a prima facie case for license revocation once it establishes that the arresting officer provided a sworn report containing the required recitations.

7. **Administrative Law: Motor Vehicles: Licenses and Permits: Revocation: Police Officers and Sheriffs: Proof.** Once the Department of Motor Vehicles makes a prima facie case for a license revocation, the burden of proof rests solely with the motorist, who must show by a preponderance of the evidence that the requirements of revocation are not satisfied.

8. **Drunk Driving: Arrests: Proof.** There are two components to the reasons for arrest which must be included in a sworn report: (1) driving or actual physical control of a motor vehicle and (2) doing so while under the influence of alcohol or drugs.

Appeal from the District Court for Sheridan County: Travis P. O'Gorman, Judge. Affirmed.

Bell Island, of Island Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Darrin F. Schultz for appellee.

Riedmann, Bishop, and Arterburn, Judges.

Bishop, Judge.

## INTRODUCTION

Michael Ryan Nelson sought judicial review of an order by the director of the Nebraska Department of Motor Vehicles (DMV) revoking his driver's license for 1 year for refusing to submit to a chemical test when arrested pursuant to Neb. Rev. Stat. § 60-6,197 (Reissue 2021) for driving or being in actual physical control of a motor vehicle while under the influence of alcoholic liquor or drugs. The Sheridan County District Court affirmed the DMV's decision. We affirm.

## BACKGROUND

On April 30, 2022, Deputy Cameron Lehr with the Sheridan County sheriff's office completed a "Sworn Report Notice of Revocation and Temporary License," which was

subsequently received by the DMV on May 6, 2022. In the sworn report, "Nelson, Michael, R" is handwritten under the heading "Driver Name" and the "Date of Arrest" and "Time of Arrest (Military Time)" is shown as April 30 at "0137." The form contains the following preprinted text: "The under-signed officer(s) hereby swear(s) that the above-named driver was arrested pursuant to Neb.Rev.Stat. §60-6,197 and the **reasons for arrest** are," which is followed by a lined space for the officer to set forth the reasons. (Emphasis in original.) The following reasons were provided: "Nelson was observed inside of his vehicle on 200th Ln. near the intersection of 750th Rd. Upon Deputy Lehr's arrival the individual had mumbled speech, bloodshot, watery eyes, and an odor of an alcoholic beverage. Nelson refused a PBT and DataMaster test." A box is checked that indicates the driver was directed to submit to a chemical test and "[r]efused to submit to the chemical test." (Emphasis omitted.) The form represents that a verbal notice of revocation was read to the driver. Under a heading titled "Notice of Administrative License Revocation (ALR)," it provides that Neb. Rev. Stat. § 60-498.01 (Reissue 2021)

> requires the Nebraska DMV to automatically revoke your operator's license and/or operating privilege in this state if you were in operation or physical control of a motor vehicle and: (1) If you refused a chemical test for alcohol or drugs, or (2) If you submitted to a chemical test for alcohol and the test revealed an alcohol concentration of 0.08 or more gram/100 ml blood or gram/210 L breath.
>
> Notice is hereby given that your motor vehicle operator's license . . . will be administratively revoked in 15 days for a period of:
>
> . . . .
> . . . One year, if you refused a chemical test for alcohol or drugs.

(Emphasis omitted.) The sworn report was signed by Deputy Lehr before a notary public.

On May 19, 2022, Nelson filed a "Petition for Administrative Hearing" with the DMV. On June 28, an informal Administrative License Revocation (ALR) hearing was held by teleconference. The hearing officer stated:

> Now, the purpose of the hearing today is to determine whether . . . Nelson's operator's license should be revoked based on the sworn report sent to the DMV by the arresting officer. The burden of proof is on the appellant to show why his or her license should not be revoked. By statute, there's only two issues I can consider: whether the officer had reason to believe the appellant was operating or in actual physical control of the vehicle while intoxicated and whether the appellant refused the chemical test or the test result was over .08 grams.

Nelson was not present at the hearing, but his attorney appeared on his behalf. The hearing officer identified exhibit 2 as the sworn report, and Nelson's attorney objected on the grounds that exhibit 2 was "insufficient to convey jurisdiction on the [DMV]." The hearing officer admitted the sworn report over Nelson's objection. Nelson's attorney then argued that the sworn report "fails to vest jurisdiction in the [DMV]" because it does not contain an "indication that there was some type of driving." Rather, the document only contained an "indication [that] Nelson was observed in a vehicle near an intersection."

On June 29, 2022, the hearing officer rendered its "Proposed Findings of Fact, Proposed Conclusions of Law, and Recommended Order of Revocation." The hearing officer found that Deputy Lehr observed Nelson inside his vehicle "on 200th Lane near the intersection of 750th Road" and that Nelson had "mumbled speech, bloodshot, watery eyes, and an odor of an alcoholic beverage." Further, Nelson "refused a preliminary breath test and a DataMaster test." Referring to § 60-498.01(6)(c), the hearing officer set forth two questions to be considered:

1. Did the law enforcement officer have probable cause to believe the person was operating or in actual physical control of a motor vehicle in violation of section 60-6,196 . . . ;

2. Was the person operating or in actual physical control of a motor vehicle while having an alcohol concentration in violation of section 60-6,196.

In addressing the above questions and recommending that Nelson's driver's license be revoked for the statutory period, the hearing officer explained that it was the State's burden to make a prima facie case for revocation, which is accomplished once the arresting officer's sworn report is provided to the DMV. "If the sworn report contains the required recitations, then no other evidence need be introduced to sustain the case for revocation." The burden then shifts to the "Appellant" to "introduce some evidence to disprove the recitations." The hearing officer concluded that Nelson did not meet "his burden of proof" as to the first question regarding operating or being in physical control of the motor vehicle.

Regarding the second question noted above, the hearing officer stated that Nelson "did not argue this issue." We observe here that the hearing officer erroneously considered the second question found at § 60-498.01(6)(c)(ii) instead of the second question under § 60-498.01(6)(c)(i), which considers whether "the person refuse[d] to submit to or fail[ed] to complete a chemical test after being requested to do so by the peace officer." We find this error to be harmless, since the hearing officer made a finding that Nelson had "refused a preliminary breath test and a DataMaster test." Further, Nelson did not challenge this portion of the hearing officer's recommendation to the director, nor the director's adoption of the same.

On June 30, 2022, the DMV director adopted the recommended order of the hearing officer and revoked Nelson's driver's license for a period of 1 year. The same day, Nelson filed an "Appeal Under the Administrative Procedures

Act" in the district court. On August 17, Nelson submitted a written argument to the court.

On September 6, 2022, the district court entered an order affirming the DMV director's order revoking Nelson's driver's license for 1 year. The court pointed out that the "sole issue raised by [Nelson] is the jurisdictional sufficiency of the sworn report," namely, that "the 'reasons for arrest' are insufficient to show that [Nelson] was driving." After referencing *Teeters v. Neth*, 18 Neb. App. 585, 790 N.W.2d 213 (2010), for this court's holding that "the 'reasons for arrest' section of the sworn report need only allow an inference that the individual was driving," the district court concluded:

> [W]hen the sworn report is considered in its entirety in this case, it is apparent that [Nelson] was the driver of the vehicle in question. Deputy Lehr signed the sworn report which specifically referred to [Nelson] twice as the "driver" that was arrested pursuant to Neb. Rev. Stat. Sec. 60-6,197. His hand-written reasons make it clear that [Nelson] was inside the vehicle. It can be inferred from the totality of the sworn report that [Nelson] was driving and/or in actual physical control of the motor vehicle.

Nelson now appeals the district court's order affirming his driver's license revocation.

## ASSIGNMENT OF ERROR

Nelson assigns that the district court erred in finding the sworn report conveyed jurisdiction upon the DMV to revoke his driver's license.

## STANDARD OF REVIEW

[1,2] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Travis v. Lahm*, 306 Neb. 418, 945 N.W.2d 463 (2020). When reviewing an

order of a district court under the act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

[3] Whether a decision conforms to law is by definition a question of law. *Id.* An appellate court determines questions of law independently of the lower court. *Id.*

## ANALYSIS

[4] Under Nebraska statute, any person who operates a motor vehicle is deemed to have given his or her consent to submit to a chemical test of his or her blood, breath, or urine for the purpose of determining the concentration of alcohol or the presence of drugs. *Travis v. Lahm, supra* (referencing § 60-6,197(1) (Cum. Supp. 2018)). If a person arrested under § 60-6,197 (Reissue 2021) refuses to submit to a chemical test of blood, breath, or urine, the arresting officer shall verbally notify the arrested person of the intention to immediately confiscate and revoke the operator's license and that the revocation will be automatic 15 days after the date of arrest. See § 60-498.01(2). Once that occurs, § 60-498.01(2) further provides:

> The arresting peace officer shall within ten days forward to the director a sworn report stating (a) that the person was arrested as described in subsection (2) of section 60-6,197 and the reasons for such arrest, (b) that the person was requested to submit to the required test, and (c) that the person refused to submit to the required test.

The sworn report of the arresting officer must, at a minimum, contain the information specified in the applicable statute in order to confer jurisdiction. *Betterman v. Department of Motor Vehicles*, 273 Neb. 178, 728 N.W.2d 570 (2007). If the person whose driver's license has been confiscated desires an ALR hearing, a petition must be filed within 10 days after the mailing of the notice of revocation, and a hearing shall be conducted within 20 days after the petition

is received by the director. See § 60-498.01(6)(a) and (b). Section 60-498.01(6)(c) states:

At hearing the issues under dispute shall be limited to:

(i) In the case of a refusal to submit to a chemical test of blood, breath, or urine:

(A) Did the peace officer have probable cause to believe the person was operating or in the actual physical control of a motor vehicle in violation of section 60-6,196 [under influence of alcoholic liquor or any drug;] and

(B) Did the person refuse to submit to or fail to complete a chemical test after being requested to do so by the peace officer[.]

As noted previously, Nelson did not challenge the second issue of whether he refused to submit or failed to complete a chemical test. Rather, the sole issue Nelson has challenged at each level of appeal is whether the reasons for Nelson's arrest, as listed on the sworn report, are sufficient to indicate that Nelson was driving or in physical control of the vehicle. There is no dispute as to the information contained in the sworn report. Therefore, we consider only whether the sworn report of the arresting officer provided the required statutory information necessary to confer jurisdiction on the DMV director to revoke Nelson's driver's license. See *Teeters v. Neth*, 18 Neb. App. 585, 790 N.W.2d 213 (2010).

[5-7] In an ALR proceeding, the sworn report of the arresting officer is received into the record by the hearing officer as the jurisdictional document of the hearing, and upon receipt of the sworn report, the director's order of revocation has prima facie validity. *Barnett v. Department of Motor Vehicles*, 17 Neb. App. 795, 770 N.W.2d 672 (2009). The DMV makes a prima facie case for license revocation once it establishes that the arresting officer provided a sworn report containing the required recitations. See *id*. Thereafter, the burden of proof rests solely with the motorist, who must show by a preponderance of the evidence that the requirements of

revocation are not satisfied. *Travis v. Lahm*, 306 Neb. 418, 945 N.W.2d 463 (2020).

As set forth above, in cases where the arrested individual refuses to submit to a chemical test, the recitations in the sworn report must represent: that the person was arrested as described in § 60-6,197(2) (upon reasonable grounds to believe person was driving or in actual physical control of motor vehicle while under influence of alcoholic liquor or drugs, officer may require person to submit to chemical test or tests of blood, breath, or urine to determine concentration of alcohol or presence of drugs), and the reasons for the arrest, and that the arrested person was requested to submit to the required test but refused to do so. See § 60-498.01(2). There are two components to the reasons for arrest which must be included in a sworn report: (1) driving or actual physical control of a motor vehicle and (2) doing so while under the influence of alcohol or drugs. *Hoppens v. Nebraska Dept. of Motor Vehicles*, 288 Neb. 857, 852 N.W.2d 331 (2014) (holding sworn report need not describe requisites of valid arrest nor state or support inference that arrested individual drove or controlled motor vehicle on property open to public access to confer jurisdiction on DMV; reasons for arrest need only support officer's suspicion that arrested individual drove or physically controlled motor vehicle while under influence of alcohol or drugs).

In the present matter, the district court concluded that "when the sworn report is considered in its entirety . . . , it is apparent that [Nelson] was the driver of the vehicle in question." Further, "Deputy Lehr signed the sworn report which specifically referred to [Nelson] twice as the 'driver' that was arrested" and the deputy's "hand-written reasons make it clear that [Nelson] was inside the vehicle." The court concluded that it "can be inferred from the totality of the sworn report that [Nelson] was driving and/or in actual physical control of the motor vehicle."

However, Nelson contends that the sworn report failed to convey jurisdiction upon the DMV to revoke his driver's license because the sworn report did not include "reasons stated that would allow an inference that [Nelson] was the driver." Brief for appellant at 9. He argues that the "sworn report only states [Nelson] was observed in the vehicle, not that he was driving or in actual physical control," and "[t]here is no statement that he was behind the wheel, that he had the car running, or . . . any other [fact] suggesting he was operating or in actual physical control" of the vehicle. *Id*. at 8. Nelson claims he "was observed inside his vehicle, nothing more," and the sworn report "fails to contain a fact showing . . . Nelson committed a traffic offense, which would be an indication he was driving." *Id*. at 9.

There are several Nebraska cases that have addressed what the arresting officer must include related to the arrested person's driving or being in actual physical control of a motor vehicle for the sworn report to be sufficient to confer jurisdiction on the DMV. See, *Betterman v. Department of Motor Vehicles*, 273 Neb. 178, 728 N.W.2d 570 (2007); *Teeters v. Neth, supra*; *Barnett v. Department of Motor Vehicles, supra*; *Yenney v. Nebraska Dept. of Motor Vehicles*, 15 Neb. App. 446, 729 N.W.2d 95 (2007).

This court concluded in *Teeters v. Neth, supra*, that a sworn report which indicated that the arresting officer made a traffic stop after observing a traffic violation was sufficient to allow an inference that the arrested individual was the driver of the stopped vehicle. There, the reasons for arrest were as follows: "'[O]bserved a vehicle violate the centerline three different times. Performed a traffic stop and detected the odor of alcoholic beverage on Teeter's [sic] breath. Teeters showed impairment during sobrieties.'" *Teeters v. Neth*, 18 Neb. App. 585, 586, 790 N.W.2d 213, 215 (2010). This court also noted:

> [T]he top portion of the sworn report identifies "Teeters, Roger D." as the individual arrested and states that "the above-named individual was arrested pursuant to

Neb. Rev. Stat. § 60-6,197, and the reasons for the arrest are," which is followed by the reasons filled in by the arresting officer as stated above. While the "reasons for the arrest" portion does not specifically state that Teeters was the driver of the vehicle that violated the centerline, when the sworn report is considered in its entirety, it is apparent that Teeters was the driver of the vehicle.

*Teeters v. Neth*, 18 Neb. App. at 591, 790 N.W.2d at 218 (emphasis omitted).

In *Betterman v. Department of Motor Vehicles*, the listed reasons for the arrest were: "'[R]eckless driving. Driver displayed signs of alcohol intoxication. Refused all SFST and later breath test.'" 273 Neb. at 182, 728 N.W.2d at 578. The Nebraska Supreme Court concluded that the sworn report conveyed the information required by statute because "'[r]eckless driving'" was a valid reason for a stop of the vehicle, and because the arrested person "'displayed signs of alcohol intoxication,'" the officer had cause to allege the driver was driving a motor vehicle while under the influence of alcoholic liquor. *Id.* at 186, 728 N.W.2d at 581.

Nelson likens this case to *Yenney v. Nebraska Dept. of Motor Vehicles, supra*, and *Barnett v. Department of Motor Vehicles*, 17 Neb. App. 795, 770 N.W.2d 672 (2009). In *Yenney*, this court addressed the sufficiency of a sworn report, stating:

In the instant case, the officers' sworn report stated that Yenney was directed to submit to a chemical test and that he refused such test. The sworn report form also stated: "The undersigned officer(s) hereby swear(s) that the above-named individual was arrested pursuant to . . . § 60-6,197, and the reasons for the arrest are: passed out in front of [the gas] Station, near front doors. Signs of alcohol intoxication." (The underscored portion indicates the officers' comments handwritten on the blank lines provided on the form.) . . . . The reasons recited for the arrest merely state that he was passed out near the front doors of the gas station, which could mean that

Yenney was passed out on the sidewalk or driveway rather than in a motor vehicle, and the stated reasons include no facts showing how he got there or allowing an inference that he drove there in a drunken condition.

15 Neb. App. at 451, 729 N.W.2d at 99-100. This court concluded that the allegations were insufficient to confer jurisdiction on the DMV.

In *Barnett v. Department of Motor Vehicles, supra*, the arrested individual argued that the sworn report was insufficient because it contained no statement indicating that he had been the driver of the vehicle involved in a single motor vehicle accident. Although the vehicle belonged to the arrested person, the officer did not observe that person driving or sitting in the vehicle. There was another vehicle present that had not been involved in the accident, and there were apparently other people at the scene by the time the arresting officer arrived. The sworn report included preprinted language that

"'[t]he undersigned officer(s) hereby swear(s) that the above-named individual was arrested pursuant to . . . § 60-6,197, and the reasons for the arrest are:' and then [on] blank lines, the arresting officer wrote: '1 vehicle accident, odor of Alcoholic beverage Bloodshot watery eyes, Slurred Speech, Refused Field Sobriety. Refused PBT Refused Legal Blood, Refused Urine sample test.'"

*Barnett v. Department of Motor Vehicles*, 17 Neb. App. at 797, 770 N.W.2d at 674. This court concluded in *Barnett*:

Like the handwritten notes in *Yenney* . . . , the arresting officer's notations in the present case do not indicate, or allow an inference, that [the arrested person] was ever operating a motor vehicle. The arresting officer indicated that he responded to a single-vehicle accident, but made no factual allegation suggesting that [the arrested person] was the driver of that vehicle.

17 Neb. App. at 800, 770 N.W.2d at 676. The sworn report was insufficient to confer jurisdiction because

the arresting officer did not make a traffic stop and failed to include sufficient factual allegations in the

Sworn Report to indicate an allowable inference that [the arrested person], of the people on the scene at the time of the officer's arrival, was the one who had been driving the vehicle.

*Id*. at 801, 770 N.W.2d at 676.

The DMV argues that this case is distinguishable from *Yenney* and *Barnett* because the sworn report states that Nelson was "observed inside his vehicle while on the road near an intersection." Brief for appellee at 13. We agree this case is distinguishable. Neither of the sworn reports in *Yenney* or *Barnett* identified the individual arrested as a driver, nor did they indicate the individual arrested was actually inside a vehicle. Deputy Lehr handwrote "Nelson, Michael, R" in the box at the top of the form designated "Driver Name," and the preprinted text states that "the above-named driver was arrested pursuant to Neb.Rev.Stat. §60-6,197." Deputy Lehr's reasons for arrest indicate that Nelson was inside his own vehicle when Deputy Lehr "observed" him "on 200th Ln. near the intersection of 750th Rd."

Notably, the preprinted text on the sworn report form has been modified since some of the earlier cases described above. The preprinted text on the sworn report now indicates "Driver Name" and that the "undersigned officer(s) hereby swear(s) that the above-named driver was arrested" rather than the "above-named individual was arrested" as quoted above in *Teeters v. Neth*, 18 Neb. App. 585, 790 N.W.2d 213 (2010); *Barnett v. Department of Motor Vehicles*, 17 Neb. App. 795, 770 N.W.2d 672 (2009); and *Yenney v. Nebraska Dept. of Motor Vehicles*, 15 Neb. App. 446, 729 N.W.2d 95 (2007). The district court specifically noted Nelson was referred to "twice as the 'driver' that was arrested," and that, along with the handwritten reasons, made "it clear that [Nelson] was inside the vehicle" and resulted in the inference that Nelson "was driving and/or in actual physical control of the motor vehicle." Nelson argues that the "[f]ailure of the officer to include facts inferring the person was driving or

in actual physical control cannot be assumed by other pre-printed information on the form." Brief for appellant at 7. However, he derives support for his argument from cases that predate the change in the sworn affidavit which now identifies the person arrested as the "named driver." This change in the form, identifying Nelson as the "driver" and not just an "individual," along with the facts included by the arresting officer that Nelson was found "inside of his vehicle" at a street intersection, allows one to reasonably infer that Nelson drove or was in physical control of a motor vehicle.

Considering the sworn report in its totality, we find that a reasonable inference can be made from the sworn report that Nelson operated or was in actual physical control of his vehicle while intoxicated at "200th Ln. near the intersection of 750th Rd." Accordingly, we find the district court did not err in finding that the sworn report conveyed jurisdiction upon the DMV to revoke Nelson's driver's license.

## CONCLUSION

For the reasons set forth above, we affirm the district court's September 6, 2022, order affirming Nelson's license revocation.

AFFIRMED.