Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:09 PM CDT

Francis J. Libra, Jr., appellant, v.
Rhonda K. Lahm, director, Nebraska
Department of Motor Vehicles, appellee.

___ N.W.3d ___

Filed June 11, 2024.    No. A-23-478.

1. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.
2. ____: ____: ____. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. **Judgments.** Whether a decision conforms to law is by definition a question of law.
4. **Judgments: Appeal and Error.** An appellate court determines questions of law independently of the lower court.
5. **Administrative Law: Motor Vehicles: Licenses and Permits: Revocation: Police Officers and Sheriffs.** In an administrative license revocation hearing, the Department of Motor Vehicles makes a prima facie case for license revocation once it establishes that the arresting officer provided a sworn report containing the required recitations.
6. **Administrative Law: Motor Vehicles: Licenses and Permits: Revocation: Police Officers and Sheriffs: Proof.** After the Department of Motor Vehicles makes a prima facie case for license revocation, the burden of proof rests solely with the motorist, who must show by a preponderance of the evidence that the requirements of revocation are not satisfied.
7. **Appeal and Error.** When a party raises an issue for the first time on appeal, an appellate court will disregard it because a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition.

8. **Witnesses: Testimony.** The credibility of a witness is a question for the trier of fact, and it is within its province to credit the whole of the witness' testimony, or any part of it, which seemed to it to be convincing, and reject so much of it as in its judgment is not entitled to credit.

9. **Trial: Expert Witnesses.** A trier of fact is not bound to accept expert opinion testimony.

10. **Administrative Law: Judgments: Appeal and Error.** Although a district court in its de novo review of agency determinations is not required to give deference to the findings of fact by the agency hearing officer, it may consider the fact that the hearing officer, sitting as the trier of fact, saw and heard the witnesses and observed their demeanor while testifying and may give weight to the hearing officer's judgment as to credibility.

Appeal from the District Court for Buffalo County: RYAN C. CARSON, Judge. Affirmed.

Coy T. Clark, Elizabeth J. Klingelhoefer, and Samantha J. Merrill, of Jacobsen, Orr, Lindstrom & Holbrook, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Kenneth A. Yoho for appellee.

PIRTLE, Chief Judge, and RIEDMANN and WELCH, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Francis J. Libra, Jr., appeals from a Buffalo County District Court order affirming the revocation of his driver's license for driving under the influence. We find the district court's decision was not contrary to law and was supported by competent evidence. Therefore, we affirm.

## BACKGROUND

In the early morning of October 30, 2022, Libra was driving a vehicle when a police officer performed a traffic stop. According to the officer's sworn report, Libra's vehicle was speeding and swerving. Upon approaching the vehicle, the

officer observed that Libra had "[r]ed, watery eyes, slurred speech, and [the officer] detected the odor of alcoholic [b]everage." Libra admitted to drinking and consented to standard field sobriety tests and a preliminary breath test, which showed he was impaired. The officer arrested Libra for driving under the influence and directed him to submit to a chemical test at the police station. Libra submitted to a breath test that indicated a breath alcohol content of .202 of a gram of alcohol per 210 liters of breath.

The officer gave Libra a notice of revocation and temporary license, which informed him that his license would be revoked by the Department of Motor Vehicles (DMV) in 15 days and how to request an administrative license revocation (ALR) hearing. The officer also submitted his sworn report to the DMV.

Libra filed a petition with the DMV that requested an ALR hearing, which was held on November 29, 2022. At the hearing, he argued that the DataMaster device used to test his breath the night he was arrested was not working properly. The DMV offered several exhibits that were received as evidence, including the officer's sworn report and a copy of Libra's breath test results. The police officer who arrested Libra and prepared the sworn report was not subpoenaed and did not testify at the hearing.

Libra testified that he had a history of indigestion problems that started in the late 1990s and continued to be an issue for him. He testified he had been diagnosed with gastroesophageal reflux disease (GERD) and offered a medical record indicating he was first diagnosed with GERD on November 9, 2022. Libra stated that on the night of his arrest he was having indigestion symptoms, which included feeling bloated and having hiccups "here and there" that pushed phlegm up into his throat and mouth. He stated that these symptoms occurred prior to taking the breath test at the police station.

Libra testified that he had been drinking prior to being pulled over by the police officer on October 30, 2022. When

asked how much he drank, he stated, "a few probably," and then he stated he had been drinking beer.

Ronald E. Henson, Ph.D., was called as a witness by Libra. Henson is an independent consultant and qualified expert in drug and alcohol related matters, including the validity of breath tests for alcohol content. He was familiar with the DataMaster testing device used to test Libra's breath. Henson testified that in his expert opinion Libra's test result was not valid. His opinion was based on the histogram associated with Libra's breath alcohol test result. He explained that the histogram is a line graph generated by the DataMaster based upon data points. The histogram from Libra's test had a "negative slope" in the concentration curve. He testified that there should not be a negative or downward slope for a valid sample and that because there was, the device should have triggered an "invalid sample" result but did not. Based on his further analysis of the device, he testified that the negative slope was not caused by an "instrumentation issue" and confirmed that the DataMaster device appeared to be working properly. He testified the negative slope was more likely caused by a biological issue or something in Libra's mouth when providing the breath sample. Henson testified that he inquired of Libra's counsel whether Libra had been diagnosed with any type of acid reflux or if he had bleeding gums or some other related issue, which could explain the negative slope. Henson further testified that additional testing of the device would be required to determine the reason why the device did not trigger an invalid sample on the test printout. Henson added that possibly one of the algorithms was not set correctly and that there would need to be further investigation of the actual device. He again stated that although the device did not register Libra's test as an invalid sample, the histogram clearly identified Libra's test as invalid.

On cross-examination, Henson testified that with DataMaster devices in general, there have been instances where two electronic communications collide with each other at the

microprocessor and it does not trigger an invalid sample. He was then asked why Libra's GERD was an issue if he believed there was a problem with the DataMaster device, and he stated, "I don't think it's necessarily a device problem. I'm just saying that, why didn't it kick it out as an invalid sample, that would need further investigation." He again stated that the DataMaster device was operating properly based on a regular-interval check of the device conducted on October 24, 2022, which showed that the histogram profiles were as they should be.

Following the hearing, the hearing officer entered a recommended order finding that Henson's testimony did not prove by a preponderance of the evidence that the test result was invalid. It further noted:

> [Libra] admitted he had been drinking, showed evidence of impairment, and failed a [preliminary breath test]. His test result may not have been perfectly precise by Dr. Henson's standards but it does indicate beyond a reasonable doubt that he had a BAC well above the legal limit of .08 gram of alcohol per 210 liters of breath. While [Libra] may have been suffering a GERD episode at the time of his arrest, he has not shown that it was so severe as to impact, much less interfere with, the Datamaster test result. . . .
>
> [Libra] has not met his burden of proof.

The hearing officer recommended that Libra's license be revoked for the statutory period, and the Director of the DMV accepted the recommendation and revoked Libra's license.

Libra appealed the revocation of his license to the district court. The court took judicial notice of the administrative record, including the transcript and bill of exceptions. The court found that Henson's opinions were contradictory, speculative, and not based on "'good grounds.'" It concluded that Libra failed to overcome the presumptive validity of the director's order of revocation and affirmed the DMV's decision.

## ASSIGNMENTS OF ERROR

Libra assigns, restated, the following errors: (1) The officer's sworn report did not strictly comply with DMV rules and regulations because the officer recorded an invalid result from his DataMaster test, (2) the district court erred in applying the incorrect burden of proof because the officer's sworn report did not establish a prima facie case, (3) the district court erred in finding that Libra failed to demonstrate that the requirements of revocation were not satisfied, (4) the district court erred in finding that Henson's opinions were speculative and not based on good grounds, and (5) the district court erred in not giving appropriate weight to uncontradicted evidence that Libra had chronic GERD disease and was experiencing GERD symptoms at the time he took the DataMaster test.

## STANDARD OF REVIEW

[1,2] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Travis v. Lahm*, 306 Neb. 418, 945 N.W.2d 463 (2020). When reviewing an order of a district court under the act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

[3,4] Whether a decision conforms to law is by definition a question of law. *Id.* An appellate court determines questions of law independently of the lower court. *Id.*

## ANALYSIS

Libra assigns that the arresting officer's sworn report did not comply with DMV rules and regulations because the officer recorded an invalid result from the DataMaster device. He further assigns that because the sworn report was not compliant with DMV rules and regulations, the DMV did not establish a prima facie case and the district court erred in shifting the burden to him.

[5,6] In an ALR hearing, the DMV makes a prima facie case for license revocation once it establishes that the arresting officer provided a sworn report containing the required recitations. *Nelson v. Lahm*, 32 Neb. App. 35, 992 N.W.2d 508 (2023). Thereafter, the burden of proof rests solely with the motorist, who must show by a preponderance of the evidence that the requirements of revocation are not satisfied. *Travis v. Lahm, supra*; *Nelson v. Lahm, supra*.

Libra argues that the arresting officer's sworn report does not comply with DMV rules and regulations and, therefore, the DMV was not entitled to the benefit of a presumption that all the facts in the sworn report are true.

[7] The arresting officer's sworn report was received by the hearing officer at the ALR hearing. Libra did not object to the sworn report. At the hearing, he only argued that the DataMaster device did not work properly when it tested his breath. Similarly, his petition in the district court only raised issues with the administration of the breath test and the result obtained. He did not raise any issue with the sworn report's compliance with DMV rules and regulations. As a result, we decline to consider Libra's first two assignments of error, as they are raised for the first time on appeal. See *First Express Servs. Group v. Easter*, 286 Neb. 912, 840 N.W.2d 465 (2013) (when party raises issue for first time on appeal, appellate court will disregard it because lower court cannot commit error in resolving issue never presented and submitted to it for disposition).

Libra next assigns that even if the sworn report was adequate and shifted the burden, the district court erred in finding he failed to meet his burden to prove the requirements of revocation were not satisfied. See *Nelson v. Lahm, supra.* He argues that he sufficiently proved that the DataMaster test result recorded on the sworn report was invalid. In conjunction with this assignment of error, he assigns that the district court erred in finding Henson's opinions were speculative and not based on good grounds and erred in not giving

appropriate weight to uncontradicted evidence that Libra had chronic GERD and was experiencing symptoms at the time the test was taken.

We first address Libra's argument that Henson's testimony and opinions sufficiently proved that the DataMaster test result was invalid. Henson testified that the DataMaster should have produced an "invalid sample" result based on the negative slope on the histogram. He testified that the negative slope was not caused by an "instrumentation issue" and confirmed that the DataMaster device appeared to be working properly. He testified the negative slope was more likely caused by a biological issue, such as Libra's GERD, or something in his mouth when providing the breath sample. Henson further testified that additional testing of the device would be required to determine the reason why the device did not trigger an invalid sample on the test printout.

Henson also testified that with DataMaster devices in general, there have been instances where two electronic communications collide with each other at the microprocessor and it does not trigger an invalid sample when it should. However, he did not testify that this had ever happened with the specific DataMaster used to test Libra's breath. Further, even after his explanation, he again stated, "I don't think [the negative slope is] necessarily a device problem. I'm just saying that, why didn't it kick it out as an invalid sample, that would need further investigation."

The hearing officer found: "[Henson's] testimony — that the device was working properly but it shouldn't have printed out the test result that it did — does not actually prove by a preponderance of the evidence that the test result provided is invalid." Henson could not provide an explanation as to why there was a negative sloped histogram indicating an invalid result, but the DataMaster device did not produce an invalid result. The hearing officer rejected Henson's opinion that the test result was invalid and found that Libra failed to meet his burden to show by a preponderance of the evidence that the

requirements of revocation were not satisfied. See *Nelson v. Lahm*, 32 Neb. App. 35, 992 N.W.2d 508 (2023).

[8-10] The credibility of a witness is a question for the trier of fact, and it is within its province to credit the whole of the witness' testimony, or any part of it, which seemed to it to be convincing, and reject so much of it as in its judgment is not entitled to credit. *Benjamin v. Bierman*, 305 Neb. 879, 943 N.W.2d 283 (2020). A trier of fact is not bound to accept expert opinion testimony. *Id.* The hearing officer was free to accept the DataMaster's valid test result over Henson's testimony that the negative slope on the histogram equated to an invalid test. The district court agreed with the hearing officer that Henson could only speculate as to why the DataMaster failed to produce an invalid test result, and it accepted the device's result over Henson's testimony. The review of agency actions "shall be conducted by the court without a jury de novo on the record of the agency. The court may affirm, reverse, or modify the decision of the agency or remand the case for further proceedings." Neb. Rev. Stat. § 84-917(5)(a) (Cum. Supp. 2022). Although a district court in its de novo review of agency determinations is not required to give deference to the findings of fact by the agency hearing officer, it may consider the fact that the hearing officer, sitting as the trier of fact, saw and heard the witnesses and observed their demeanor while testifying and may give weight to the hearing officer's judgment as to credibility. *Nebraska Account. & Disclosure Comm. v. Skinner*, 288 Neb. 804, 853 N.W.2d 1 (2014). Because Henson could not explain the reason the DataMaster failed to produce an invalid result, the district court was not willing to accept Henson's testimony that the negative slope indicated an invalid test over the DataMaster device, which indicated a valid test result. Accordingly, the district court agreed with the hearing officer that Libra failed to overcome the presumption in favor of the State.

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act

may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Travis v. Lahm*, 306 Neb. 418, 945 N.W.2d 463 (2020). When reviewing an order of a district court under the act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

Because Libra failed to prove why the DataMaster failed to indicate an invalid sample result, the district court was free to accept the results from the DataMaster over Henson's testimony. We determine that the district court's finding that Libra failed to overcome the presumption in favor of the State conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

Libra also assigns the district court erred in failing to give appropriate weight to uncontradicted evidence that he had chronic GERD and was experiencing symptoms at the time the test was taken. Libra testified that he had a history of indigestion problems that continued to be an issue for him. He had been diagnosed with GERD, but not until November 9, 2022, 10 days after his arrest. He testified that on the night of his arrest, he had indigestion symptoms, and he indicated that he was having symptoms prior to taking the breath test at the police station. He did not specifically testify that he experienced symptoms at the time the test was taken, as he contends. The district court clearly considered the evidence regarding Libra's GERD as it set forth Libra's testimony regarding his history of indigestion issues and his GERD diagnosis in its order. As previously discussed, Henson testified that the negative slope on the histogram may have been caused by a biological issue, such as Libra's GERD. However, whether Libra's GERD symptoms caused the negative slope on the histogram or the negative slope was caused by something else is of no consequence. The issue is whether the negative slope should have resulted in the DataMaster's producing an invalid test result. As explained above, the district

court did not err in concluding Libra did not overcome his burden of showing the test was invalid. As such, what caused the negative slope is of no consequence, as whatever caused it was not sufficient to invalidate the test. This assignment of error fails.

## CONCLUSION

For the reasons set forth above, we affirm the district court's May 30, 2023, order affirming Libra's license revocation.

AFFIRMED.